AHEARN & a., *Ap'ts*, v. MANN, *Adm'r.*

It is no ground for setting aside a verdict that after the jury retired they were called into court and instructed in the absence of counsel.

Instructions to the jury that "the fact that a juror finds his judgment opposed to the judgment of a majority of the panel ought to induce him, as a reasonable man, so far to doubt the correctness of his own views as to weigh carefully the opinions of his associates and the arguments and reasons on which they are founded, and if, upon due consideration, he is convinced that they are probably right and he is in error, it is his duty to agree with them," are not ground for setting aside the verdict.

PROBATE APPEAL.   The question submitted to the jury was, whether the plaintiffs were the children of the defendant's intestate, John Brierney.   After the jury had been out about twenty hours, they were brought into court, and reported that they had been unable to agree.   In answer to an inquiry by the court whether there were any questions of law that troubled them, the foreman replied there were none.   The court then said to the jury in substance as follows : "It is desirable the jury should agree upon a verdict, if they can harmonize their views of the evidence so as to reach a common conclusion.   The verdict is to be determined upon the balance of probabilities, and the law does not require that all doubts should be removed from the mind of every juror.   Absolute certainty cannot be attained, and is hardly to be expected in the majority of civil causes ; and while no juror is required to yield his honest and well settled convictions to the judgment of others for the sake of reaching a verdict, it is the duty of a juror, when he finds himself differing with the majority of his fellows, equally honest and capable as himself of judging of the weight of evidence, to examine thoroughly and carefully the ground of his own opinion, to see if his judgment is well founded and his conclusion sustained by the evidence in the case.   The fact that a juror finds his judgment opposed to the judgment of a majority of the panel ought to induce him, as a reasonable man, so far to doubt the correctness of his own views as to weigh carefully the opinions of his associates, and the arguments and reasons upon which they are founded ; and if, upon due consideration, he is convinced that they are probably right and he is in error, it is his duty to agree with them.   But if after making such examination the views of the juror remain unchanged, his duty and his oath require him to follow his own convictions, and he ought not to sacrifice his judgment to the opinions of the majority for the sake of unanimity, however desirable that may be.   In considering the case, each juror should be actuated solely by a desire to reach a correct result.   Pride of opinion and obstinacy are out of place in the jury-room; and a man who would refuse to agree to a verdict, not because it was wrong, but merely from self-will and a determination not to agree, is unfit to be a juror.

"The parties in this case, unable to settle the controversy between them, ask the jury to determine it.   They have submitted their evidence, the cause has been conducted and argued upon both sides with eminent ability, and it is not probable that any future jury would be in a better situation than the present panel to decide the question presented.   The cause has been tried at considerable expense to the county and the parties, and a disagreement of the jury, followed as it might be by disagreements of other juries, might exhaust the estate in controversy in fruitless litigation.   While no juror should surrender his honest convictions for the sake of obtaining a verdict, the misfortune of a disagreement should be

avoided, if further and careful deliberation can bring about unanimity of judgment."

The jury were then directed to retire for the further consideration of the case, and having done so, within an hour they returned a verdict for the plaintiffs.

The foregoing remarks were addressed to the jury in open court, and during its regular session, in the presence of the officers of the court, other jurors and attorneys, but not in the presence of the attorneys of either of the parties to this suit. The plaintiffs' counsel had returned to Boston, where he resided, and the court did not in fact notice the absence of the defendant's counsel from the court-room at the time. No allusion was made by the court to the law or facts of the case except as above stated. The instructions were oral. The defendant excepted..

*T. J. Smith*, for the defendant. There was no application to the court for any directions upon any matter of law, or any intimation that by reason of disagreement or misunderstanding upon any question of law the jury were unable to agree; but having been out twenty hours without being able to agree, they were called into court, and without their request are charged anew, orally, and in the absence of counsel, and then they readily agree; and this is done after a trial and charge of an unexceptionable character. Whatever the rule may be elsewhere, in this state the practice is well settled that the court may communicate with the jury, upon their request, so far as to give them instructions upon matters of law, in the absence of counsel, but such communication should be in writing and returned with the other papers to the clerk; while if they should inquire even respecting the facts of the case, it would be irregular for the court to state the evidence respecting it. *Shapley* v. *White*, 6 N. H. 172; *School Dis.* v. *Bragdon*, 23 N. H. 507, 517.

While this court has not gone so far as the rule laid down in *Sargent* v. *Roberts*, 1 Pick. 342, Judge *Parker*, in speaking of that case in *Shapley* v. *White, supra*, says,—" The jury sent word to the judge that they could not agree, and requesting his directions; to which he returned for answer, that so much time had been consumed in the case that he was unwilling they should separate, and giving such directions as would enable them to reconsider the cause in a more systematic manner," and then adds, " we have no difficulty in acquiescing in the propriety of a decision granting a new trial under such circumstances," and then assigns the following reasons :—

1. There was no application for direction upon any matter of law.

2. There was no diversity of opinion as to any question of law.

3. The instructions were a new charge, and without the request of the jury.

In the light of this authority, we say the course pursued in the case at bar is open to all these objections in their fullest sense, and entitles the defendant to a new trial, provided the remarks of the presiding justice may fairly be said to have caused the sudden change of a portion of the panel, and their agreement with their fellows upon a verdict. And that such was the effect, the case itself makes very evident, for the jury, shortly after retiring a second time, reported their verdict, and more, the remarks themselves would naturally produce such a result. Again: it cannot be said that in what the court said, his honor was repeating what he had said in his previous charge, or that the same was in answer to any legal question which was troubling the jury, or at their request at all. But it was such direction as would enable them to reconsider the cause in a more systematic manner, and, upon the authority of *Shapley* v. *White, supra*, was irregular, and hostile to the rule recognized in this state, which permits written instructions, and upon questions of law only, after the jury have retired. *Bassett* v. *Manf. Co.*, 28 N. H. 438, 458; *Allen* v. *Aldrich*, 29 N. H. 74. These remarks were not in writing; and we have found no case which justifies such oral communications unless in direct answer to some legal question. *Thayer* v. *Van Vleet*, 5 Johns. 111; *Bunn* v. *Croul*, 10 Johns. 239.

Again: the court will observe that by these remarks the minority of the panel were especially called upon to reëxamine the ground of their faith, the majority being thus assured of the correctness of their position; and it is vain to suppose that the jury did not at the time understand that the court knew how they stood. I am, then, utterly unable to see how, in the nature of things, it could have been otherwise than that one party would be prejudiced by such remarks. It certainly cannot be asserted, as matter of law, that majorities are always right in a jury-room more than elsewhere; and when a difference there arises, the majority as well as the minority should be called upon to examine the ground of their conclusions, if any new directions in that particular should ever be given them.

The consequences of verdicts or disagreements are not proper subjects to be weighed by the jury in reaching conclusions. To balance evidence, weigh probabilities, pass upon the credibility of witnesses, and draw inferences from facts proved, is surely their province. For effects and consequences upon the pockets or reputations of litigants they are not responsible, and they should not be influenced by them in reaching their verdict.

*Hebron* (of Massachusetts) and *Kivel*, for the plaintiffs. The instructions were proper. *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.*, 110 Mass. 70; *Pritchard* v. *Hennessey*, 1 Gray 294; *Evans* v. *Foss*, 49 N. H. 490; *Lathrop* v. *Sharon*, 12 Pick. 172; *Dorr* v. *Fenno*, 12 Pick. 525; *Com.* v. *Tuey*, 8 Cush. 1.

And they were properly given in the absence of counsel. *State* v. *Pike*, 65 Me. 111.

STANLEY, J. The court may send written instructions to the jury without notice to counsel when the court is not in session (*Shapley* v. *White*, 6 N. H. 172, *School Dist.* v. *Bragdon*, 23 N. H. 517, *Bassett* v. *Salisbury Manf. Co.*, 28 N. H. 438, *Allen* v. *Aldrich*, 29 N. H. 63), and no reason is suggested why instructions in open court are more objectionable than those given in writing during a recess. We are aware that it is the general practice to send for counsel, when known to be within call, but there is no rule requiring it. *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.*, 110 Mass. 70, 81; *Chapman* v. *Chi. & N. W. R. Co.*, 26 Wis. 295. In this case those within reach would have been called in if their absence had been observed, and there is no reason to believe that the result was affected by their absence.

Were the instructions objectionable in substance? The defendant suggests that the court, in effect, told the jury that they should weigh the opinions of the majority and see if they were right; that this remark was equivalent to telling them that the opinions of the majority were evidence: but we cannot adopt this view. The word weigh, taken in connection with the other parts of the charge, is used in the sense of consider, examine, and not in the sense of give weight. The meaning of this instruction was, that if any of the jurors found themselves differing from the majority, they should more closely scrutinize the evidence for the purpose of determining whether their own opinions were correct. It cannot be expected that a jury, hearing evidence, with no opportunities or facilities for writing it down, obliged to trust to their memories for it and to draw inferences and conclusions from it, should at first be unanimous. Unanimity can only be secured by a consideration by each juror of his own views along with those of his fellows. If the juror cannot doubt the correctness of his own opinions when he finds they differ from those of his fellows, a verdict could never be reached. The object of all trials is to discover the truth, and this requires deliberation and a proper consideration by each juror of the opinion of his associates on the panel. The instructions given by the court in this case contain an impartial exposition of the duties of jurors, and are unobjectionable. There is no evidence that the defendant was prejudiced, or that injustice was done by the verdict. *Com.* v. *Tuey*, 8 Cush. 1; *Allen* v. *Woodson*, 50 Ga. 53; *Pierce* v. *Rehfuss*, 35 Mich. 53.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.