Rockingham,
Dec. 7, 1926.

STATE v. JOHN J. KILCOYNE.

Each element of the offense charged in an indictment must be proved beyond a reasonable doubt; but this rule does not apply to evidentiary facts and it is sufficient if taking the evidence as a whole the jury are satisfied of guilt beyond a reasonable doubt.

After evidence has been introduced tending to show the guilt of the respondent as charged, the presumption as to innocence should not be further considered and the jury should determine whether upon the whole evidence the defendant is guilty or innocent.

The burden of going forward with proof is not a species of evidence for the consideration of the jury.

INDICTMENT, for breaking and entering a dwelling and committing an assault therein. Trial by jury and verdict of guilty. There was evidence that the defendant was in company with one Harold, that his tracks were found on nearby highways, and that he was called away from the house by Harold. As to each of these circumstances the defendant requested an instruction to the jury that unless the fact alleged was found to be proved beyond a reasonable doubt he must be acquitted. The requests were denied, subject to exception. The party assaulted and his wife both testified that the defendant was the assailant. It was admitted by the defendant that the assault was committed, the only defense claimed being that the defendant was not the guilty party.

There was also an exception to the charge as to the presumption of innocence, which is more fully stated in the opinion. Transferred by Sawyer, J.

Stewart E. Rowe, solicitor, for the state.

Leonard F. Hamlin and Doyle & Doyle, for the defendant.

PEASLEE, C. J. The requested instructions each related to a fact which was not a necessary part of the state's case. Those facts were merely surrounding circumstances, each of which had a tendency to show the defendant's guilt. But without reference to any of them there was abundant evidence upon which to find the defendant guilty. In this state of the proof, it manifestly would have been error to charge that the state's failure to prove these material but non-essential facts would entitle the defendant to an acquittal. The requests were properly denied.

If the requests were also to be treated as seeking a charge to the effect that each evidentiary fact sought to be used by the state must be proved beyond a reasonable doubt, the case would show no error. The jury were properly instructed that, taking the evidence as a whole, they must be satisfied beyond a reasonable doubt of the defendant's guilt. The issue in the case was solely one of identity. All elements of the crime were conceded. Unless it is the rule in this state that each evidentiary fact sought to be used by the state must be established beyond a reasonable doubt, the charge was sufficient in any view of the exception now under consideration.

No such rule as that suggested above has ever been adopted here. Of course each element of the offense must be shown by the requisite quantity of proof. *State* v. *Bartlett*, 43 N. H. 224, 230. But the rule does not go beyond this. It does not apply to merely evidentiary facts. The evidence of any of these is to be weighed for what it is worth, in ascertaining whether there is sufficient proof of the essential facts. *State* v. *Smith*, 32 Me. 369.

"It is generally and properly said that this measure of reasonable doubt need not be applied to the specific detailed facts, but only to the *whole issue*; and herein is given opportunity for much vain argument whether the strands of a cable or the links of a chain furnish the better simile for testing the measure of persuasion." 4 Wig. Ev., s. 2497.

Exception was also taken because the jury were instructed that "once evidence is introduced tending to show the guilt of the respondent as charged in the indictment, the presumption [of innocence] disappears from the case, and from the moment that that evidence is introduced then you are to lay the presumption out and confine yourselves entirely to the evidence which has been introduced."

This is the rule applied in this state in the trial of civil causes. "The burden of going forward with proof is not a species of evidence for the consideration of the jury." *Wright* v. *Railroad*, 74 N. H. 128, 136. "A legal presumption is not evidence. In civil cases, it is the finding of a fact or the decision of a point, when there is no testimony, and no inference of fact from the absence of testimony, on the subject, or when the evidence is balanced." *Lisbon* v. *Lyman*, 49 N. H. 553, 563.

By the better rule, the presumption of innocence of crime is treated in the same way. That presumption "is in truth merely another form of expression for a part of the accepted rule for the burden of

proof in criminal cases, *i. e.*, the rule that it is for the prosecution to adduce evidence, and to produce persuasion beyond a reasonable doubt. . . . But in a criminal case the term does convey a special and perhaps useful hint, over and above the other form of the rule about burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced." 4 Wig. Ev., s. 2511.

While the contrary was once held by the supreme court of the United States (*Coffin* v. *United States*, 156 U. S. 432), that theory has been abandoned, and the rule stated above has been adopted. *Agnew* v. *United States*, 165 U. S. 36; *Holt* v. *United States*, 218 U. S. 245.

The precautionary use of the presumption suggested by Wigmore was made in the present case, and the jury were also fully instructed as to the burden that rested upon the state to prove its case beyond a reasonable doubt. The charge was correct, and fully protected all the defendant's rights.

*Exceptions overruled.*

All concurred.