Carroll,
Oct. 4, 1932.

HARRIET A. KELLOGG *v.* GWENDOLYN R. EASTMAN.

*Conrad E. Snow*, by brief, for the plaintiff.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Upton* orally), for the defendant.

ALLEN, J.   The statute (P. L., *c.* 339, *s.* 25) is this: "Jurors shall not be required to continue their deliberations without sleep and rest later than twelve o'clock in the evening. At that hour or earlier, under such safeguards and conditions as the court may direct, they shall be afforded suitable opportunity for sleep and rest, . . . for at least eight hours before again taking up their deliberations."

The suitable opportunity to be afforded means one that is understood. The mere presence of beds in the jury room is not enough. The hour at which the jury might rest from their labors, and the right to retire only at their unanimous will or at the will of less than all, or before reaching a verdict, were matters they were not told about. That it was possible to sleep and rest was not helpful to show that, or under what conditions, it was rightful for them to do so.

By the statute it is made the court's duty to inform them in this respect. Until they know what the statutory arrangements and those which the court may add are, under no fair meaning of the words of the statute do they receive its benefit.

It is argued that because the statute does not in terms declare such a result, non-compliance with it does not invalidate a verdict. If the argument has any weight when the non-compliance is not shown to have led to an unfair verdict, it is not to be accepted when such a verdict is shown to be thereby produced. The court made findings, without exception thereto, that some of the jurors were tired in mind and body at midnight and that their continued efforts affected their judgment and induced them to yield their views for the sake of a verdict. In this situation no statutory authority is needed to show the illegality of the verdict. A juror "ought not to sacrifice his judgment to the opinions of the majority for the sake of unanimity, however desirable that may be."   *Ahearn v. Mann*, 60 N. H. 472, 473. Disregard of the statute leading to an unfair verdict, the verdict cannot be sustained.

The effect of the court's order not received by the officer in charge of the jury and directing their discharge before midnight becomes of unnecessary consideration.

*Exception overruled.*

SNOW, J., did not sit: the others concurred.