STATE *v.* RAYMOND V. PETERS.

*Thomas P. Cheney*, Attorney-General, and *John H. Leahy*, County Solicitor (*Mr. Cheney* orally), for the State.

*Robert J. Doyle* ( by brief and orally), for the defendant.

MARBLE, J. The Presiding Justice in his charge to the jury summarized the State's evidence as follows:

"The State has produced . . . evidence tending to show that Peters and Long entered a room in a house on Sunapee Street on the evening of Sunday, April 3, 1938, where a group of men were

playing poker; that among that group was Dennis Kungulis, the deceased; that Peters held a revolver, and that the members of the poker game were forced to surrender certain moneys; that the respondent Long collected this money, and that both Peters and Long left the room together; that on the evening of April 22, 1938, Peters and Long entered the Sunshine Spa on Sunapee Street in the Town of Newport for the purpose of robbing the proprietor, Dennis Kungulis; that Peters held a revolver, and that the proprietor of the store was ordered to turn over his money; that Kungulis went to the rear of the store and secured his revolver; that Long followed Kungulis; that after Kungulis grabbed his weapon, Peters fired a shot at Kungulis; that both Peters and Long ran out from the store, and that Kungulis and John Schweitzer, who had been present in the store during this time, ran out of the store; that Kungulis was wounded from the shot fired by Peters, and that he told his wife, Mrs. Kungulis, who came downstairs from her apartment above the store immediately upon hearing the shot, that the two men were the same men who held up the poker game; that Kungulis went to the hospital that evening and died the following morning from the wound caused by the bullet fired by Peters; that before he died, and realizing that he would die, he told his nurse, Miss Morgan, that the two men who entered his store were the same two men who held up the poker game."

Before the jury was impaneled defendant's counsel moved "that all witnesses be excluded from the court room while testimony is being given except when they themselves are testifying." The court denied this motion so far as it called for the exclusion of all witnesses, but ordered the four "identification witnesses" to be "kept out" of the court room. The defendant's exception is unavailing. He could not demand the granting of his motion as of right (P. L., c. 366, s. 12; 3 Wig. Ev., (2d ed.), s. 1841) and there is nothing in the case which indicates an improper exercise of judicial discretion.

Kungulis' wife testified that she came downstairs as soon as she heard the shot and that she found her husband just outside the door, wounded, with one hand pressed to his side, the other holding his revolver. The following testimony was then admitted subject to exception: "He told me two men come to the store, short feller and tall feller, and short feller have some color on the face but tall feller no, no hat on, nothing, and he shot my husband and same fellers for poker game holdup."

The Presiding Justice could properly find, as he impliedly did, that this statement of Kungulis to his wife was "a spontaneous

verbal reaction" to a "startling event" made "when the speaker was still in a state of nervous excitement produced by that event, and before he had time to contrive or misrepresent." *Semprini* v. *Railroad*, 87 N. H. 279, 280. It was therefore admissible as a part of the *res gestae*. *St. Laurent* v. *Railway*, 77 N. H. 460, 462, and cases cited.

Kungulis was taken to the hospital that night and given a blood transfusion. He died the next day. A nurse testified that a few hours before his death, in response to her inquiry, he stated that his assailants were "the same two men who previously held up the poker game." She further testified that before he made this statement she told him he was going to die and that when she left the hospital that morning he expressed the belief that he would not be there when she returned at night.

The defendant's exception to the admission of the nurse's testimony is overrruled. In a trial for homicide the declarations of the victim concerning the cause and circumstances of the killing are admissible if the trial court is satisfied that such declarations were made with the consciousness of impending death. 2 Bishop, Crim. Pro. (2d *ed.*), ss. 1207, 1212, and cases cited; 3 Wig. Ev. (2d *ed.*), ss. 1434, 1439. The declaration in question related to the identity of the victim's assailants (see *Commonwealth* v. *Cooper*, 5 Allen 495), the requisite preliminary finding was made by the Presiding Justice, and the evidence was sufficient to warrant that finding.

There is no merit in the contention that the evidence relating to the holdup on the occasion of the poker game was inadmissible because it revealed the fact that the defendant had committed another offense. Since this evidence constituted a link in the chain of evidence connecting the defendant with the crime with which he was charged it was admissible even though it tended to show that he was guilty of another crime for which he was not on trial. *State* v. *Palmer*, 65 N. H. 216, 218; *State* v. *Davis*, 69 N. H. 350, 352; *State* v. *LaRose*, 71 N. H. 435, 437. The jurors were fully and correctly instructed concerning the use they were entitled to make of the testimony in question.

During the cross-examination of Ethel L. Long, the former wife of Percy G. Long, counsel for Long offered to show that the witness, while being questioned by the police in regard to the killing of Kungulis, was under arrest as an accessory to the crime of larceny. The court ruled that the mere fact that the witness had been arrested could not be used for the purpose of discrediting her, but that the

circumstances under which she was questioned by the police might be shown. The impropriety of this ruling is not apparent, but even if it were, no question would be presented for the consideration of this court, since it was the respondent Long and not the defendant who excepted to the ruling. *Canney* v. *Emerson*, 82 N. H. 487.

*Exceptions overruled.*

All concurred.