Cheshire,
Apr. 3, 1951. } No. 4021.

JAMES A. DUNNE *v.* FORREST L. CAREY.

*Maurice A. Broderick* and *Joseph T. Cristiano* (*Mr. Broderick* orally), for the plaintiff.

*Homer S. Bradley* (by brief and orally), for the defendant.

KENISON, J. "A motion to set aside a verdict shall be filed within seven days after its rendition; provided, however, that such time may be extended for cause." Rule 56 of the Superior Court (93 N. H., Appendix). Plaintiff's motion to set aside the verdict was filed late and it sets forth no extenuating circumstances or reasons why the time for filing the motion should be extended. The record discloses no cause for extending the time for filing the motion and none has been advanced in argument. Consequently, the plaintiff's exception does not present a case of abuse of discretion on the part of the Presiding Justice.

If we adopt the discretionary practice of considering the plaintiff's motion upon its merits (*Eastman* v. *Waisman,* 94 N. H. 253), the result is not changed. *Patten* v. *Patten,* 80 N. H. 590. The supplemental instructions given to the jury by the Court were a substantial summary of those approved in *Ahearn* v. *Mann,* 60 N. H. 472. Such instructions have not been considered coercive in this state and have been given in subsequent cases. *Caverno* v. *Jones,* 61 N. H. 623; *Whitman* v. *Morey,* 63 N. H. 448; *Musgrave* v. *Company,* 86 N. H. 375, 381; anno. 109 A. L. R. 72. In the most recent case in which the desirability of such instructions was considered, it was said that they were "useful and salutary." *Marchand* v. *Company,* 95 N. H. 422, 428.

Although the jury was divided 6-6 at eight o'clock in the evening, it is not known how they stood at the time supplemental instructions were given approximately two hours later. The effect of the instructions was to advise each juror to fairly consider the opinions of his fellow jurors and arrive at a verdict if this could be done without surrendering honest convictions for the sake of obtaining a verdict. The jury were advised that they were in as good a position to decide the case as any other jury and that further expense to the parties and the county would be avoided if they could arrive at a verdict in this case. The concluding sentences of the charge were as follows: "As I say, I appreciate the

efforts that you are making, and whatever the result may be I know you have all done an honest and conscientious job. I simply wanted to get you in to impress upon you the importance of reaching a verdict if it is possible. If it isn't, that is all right, but I would like to have you continue a little longer in your efforts, in the hope that some verdict may be reached." The instructions called upon the jurors to reconcile their differences, if this was consistent with their convictions and to perform their duty with the realization that the expense of repeated trials was an important factor to the parties concerned. For the reasons stated in *Musgrave* v. *Company, supra,* this was a proper supplemental charge.

R. L., c. 395, s. 25, provides as follows: "LODGING. Jurors shall not be required to continue their deliberations without sleep and rest later than twelve o'clock in the evening. At that hour, or earlier, under such safeguards and condition as the court may direct, they shall be afforded suitable opportunity for sleep and rest, at the expense of the county, for at least eight hours before again taking up their deliberations." It is argued that it was error for the Court not to instruct the jury of their right to have sleep and rest at or before midnight in accordance with the statute. *Kellogg* v. *Eastman,* 86 N. H. 37. It is to be noted that the statute requires the Court to provide lodging for the jurors at midnight "or earlier." The statute imposes a mandatory duty on the Court to provide lodging at or before midnight but the statute does not require that the Court advise the jury of that fact at any particular time during its deliberations. In the present case there is nothing to indicate non-compliance with the statute.

The Presiding Justice may well have considered it unwise and unfair to the parties to advise the jury that they must agree in less than two hours or they would be confined "for at least eight hours before again taking up their deliberations." R. L., c. 395, s. 25. Whether the jury should be advised that their deliberations must cease at midnight and when such an instruction should be given rests within the sound discretion of the Presiding Justice. Anno. 164 A. L. R. 1265. "The length of time that a jury shall be kept together and whether they shall be discharged or not without agreeing upon a verdict, must be left to the sound discretion of the court before whom the cause is tried. . . . The court who have heard all the evidence can best judge whether the disagreement proceeds from an honest difference of opinion or from some less worthy cause. At all events, they are in a far better position to

46

decide the matter than the court above." *School District No. 1 in Milton* v. *Bragdon*, 23 N. H. 507, 517, 518. Any arbitrary rule of law that it must be given at a particular time or hour is inconsistent with the discretionary power given Presiding Justices in the supervision and conduct of jury trials. See *Brody* v. *Boutin*, 95 N. H. 103; 8 Wig. Ev. (3rd *ed.*) 680, 681, note 3.

Since other exceptions of the plaintiff have been neither argued nor briefed, they are deemed waived and the order is

*Exception overruled.*

All concurred.