Belknap,
No. 5743.

WESLEY POWELL

*v.*

GEORGE S. PAPPAGIANIS, *Attorney General.*

Argued March 5, 1968.
Decided March 29, 1968.

*Alexander J. Kalinski* and *William Maynard* ( *Mr. Kalinski* orally ), for the plaintiff.

*George S. Pappagianis,* Attorney General ( by brief and orally ), *pro se* for the defendant.

KENISON, C. J.   The Superior Court ( *Flynn,* J. ) transferred the following reserved case: "This is a Petition for Writ of Certiorari, and/or Writ of Mandamus, and/or Writ of Prohibition brought by the [ plaintiff] to restrain and enjoin the Attorney General from presenting to the Belknap County Grand Jury the results of his investigation into organized crime in New Hampshire for further investigation, or indictment, or both, by the Belknap County Grand Jury at the February Term, 1968. A Motion to Dismiss was filed by the [ defendant]. After a hearing, the Court granted the Motion to Dismiss and denied the petition subject to the exception of the [ plaintiff]. All questions of law raised by the exception are reserved and transferred."

The plaintiff, subpoenaed as a witness, has no objection to testifying before the Belknap county grand jury. However he argues that "the Superior Court should be ordered to restrain the Attorney General from proceeding any further before the Belknap County Grand Jury with his investigation into organized crime in New Hampshire, until he satisfies the Court that he has evidence to present to this grand jury which he believes should result in an indictment against some specific individual." The Attorney General has advised the Trial Court that in his opinion his investigation had not produced evidence which would lead to an indictment but that this was a matter to be determined independently by the grand jury particularly in view of the fact that there was at least one witness ( not the plaintiff ) whose testimony could only be obtained by subpoena before the grand jury.

In this state a grand jury is an investigatory body as well as an accusatory body. *State* v. *Canatella,* 96 N. H. 202; *State* v. *Freeman,* 13 N. H. 488. Their investigation may result in an indictment or it may not and their investigations are not subject to legislative control. *Opinion of the Justices,* 96 N. H. 530; Edwards, Grand Jury, 131 ( 1906 ); Younger, The People's Panel: The Grand Jury in the United States, 1634-1941, *p.* 242 ( 1963 ). A grand jury may return an indictment submitted by the Attorney General involving a crime committed within the county or refuse to do so. As a result of its investigation it may hand down a presentment. N. H. Const., Pt. II, *Art.* 88; Orfield, Criminal Procedure from Arrest to Appeal, 157-158 ( 1947 ); Dession & Cohen, The Inquisitorial Functions of Grand Juries, 41 Yale L. J. 687, 691 ( 1932 ); Note, The Grand Jury as an Investigatory Body, 74 Harv. L. Rev. 590, 605 ( 1961 ).

"The conduct of grand jury proceedings in this jurisdiction is little regulated by either Constitution or statute." *State* v. *Canatella,* 96 N. H. 202, 204. This is another way of saying that its common law powers are not restricted. Therefore decisions relied on by the plaintiff are not controlling here. *Cf. Petition of McNair,* 324 Pa. 48, 58: "But in Pennsylvania the freedom of the grand jury is very much restricted." See Spain, The Grand Jury, Past and Present; A Survey, 2 Am. Crim. L. Q. 119 ( 1964 ).

"Law enforcement's way of fighting organized crime has been primitive compared to organized crime's way of operating" and this accounts for the recent recommendation for the "investigative grand jury." The Challenge of Crime in a Free Society, A Report

by the President's Commission on Law Enforcement and Administration of Justice, 200 ( Feb. 1967 ). See also Blakey, Aspects of the Evidence Gathering Process in Organized Crime Cases in Task Force Report: Organized Crime, The President's Commission on Law Enforcement and Administration of Justice, 80, 83-84 ( 1967 ). In the absence of any constitutional or statutory restrictions on the common law powers of a grand jury in this state, it is not a part of the judicial function to import them from other jurisdictions.

Through the years the law has demonstrated a capacity to develop various institutions and techniques designed to frustrate human skulduggery. Progress is halting and frequently only partially successful. Gains in some areas are met by defeat in other areas. But the grand jury is one democratic institution which has proved its worth not only in ferreting out crime but also in absolving those enveloped in a cloud of rumors and suspicion. *State* v. *Gerry*, 68 N. H. 495, 500-501. The grand jury may investigate a course of conduct or subject matter to which the Court or State's counsel have directed their attention ( RSA 600:3 ) without the necessity of a formal indictment against a specific individual in advance of the investigation and without geographical limitations. It is an engine of discovery which may protect the innocent as well as disclose the identity of the wrongdoer.

The record discloses no abuse of discretion on the part of the Court or the Attorney General and on that record the Court properly granted the motion to dismiss the plaintiff's petition.

Although the standing of the plaintiff to challenge the authority of the court or the grand jury to investigate is doubtful, we have decided the issues because of the important legal questions raised.

*Plaintiff's exception overruled.*

All concurred.