Belknap
No. 6411

STATE OF NEW HAMPSHIRE

v.

CLYDE BLAKE, SR.

March 29, 1973

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general (*Mr. Hess* orally), for the State.

*Nighswander, Lord, Martin & KillKelley (Mr. David J. KillKelley* orally) for the defendant.

GRIMES, J. After a trial by jury, the defendant was found guilty of attempted statutory rape and of attempted incest with his eleven-year-old granddaughter. The cases were tried with similar indictments involving another grandchild which were withdrawn before submission to the jury. The trial court sentenced the defendant to State prison for not more than ten years nor less than six years on his conviction of attempted statutory rape. The conviction for attempted incest was continued for sentence. During the course of a habeas corpus hearing and at the trial, defendant seasonably excepted to the denial of numerous motions. All exceptions of record were reserved and transferred by *Johnson, J.*

The defendant raises eleven separate issues in this appeal. We leave the discussion of the relevant facts to our resolution of these issues.

Defendant first contends that the trial court violated his right to a public trial by excluding the defendant's witnesses from the courtroom during the alleged victims' testimony. The prosecution moved for the exclusion of the general public and the sequestration of all witnesses from the trial except for the mothers of the alleged victims during the alleged victims' testimony. The defendant agreed to the exclusion of the general public and made no objection to the presence of the alleged victims' mothers, but objected to the sequestration of four defense witnesses, all of whom were defendant's relatives. The prosecution presented three reasons for the sequestration of the defendant's witnesses: (1) Defendant's

witnesses' testimony could be colored by the alleged victims' testimony; (2) The embarrassing subject matter of the testimony; (3) Since other members of the defendant's family had pressured the victims not to testify, the presence of these members of the family could potentially intimidate the victims. The defendant objected to the sequestration of his four witness-relatives and now argues that since all the defendant's friendly relatives were thereby excluded from the trial, the defendant was denied a public trial in violation of the sixth amendment to the United States Constitution.

Although it has been said that New Hampshire's constitution, statutes, and case law fail to guarantee the right to a public trial (see In re Oliver, 333 U.S. 257, 92 L. Ed. 682, 68 S. Ct. 499 (1948)), the United States Supreme Court has held the right to a public trial applicable to the States. Duncan v. Louisiana, 391 U.S. 145, 148, 20 L. Ed. 2d 491, 495, 88 S. Ct. 1444, 1447 (1968); see Annot., 23 L. Ed. 2d 985, 989 (1970). The right to a public trial ordinarily entitles the defendant to have his friends and relatives present during trial. In re Oliver supra; see Annot., 48 A.L.R.2d 1436 (1956). But counsel for the defendant agreed to the exclusion of all people with the exception of his four witness-relatives, and thereby voluntarily waived defendant's right to a full public trial with regard to all people except his witnesses. United States v. Sorrentino, 175 F.2d 721 (3d Cir. 1949); Annot., 48 A.L.R.2d 1436 (1956).

Federal standards govern the effective waiver of a federal constitutional right in a state criminal proceeding. Boykin v. Alabama, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Although the defendant did not personally waive his right to public trial, we believe that the circumstances of this partial waiver by counsel for the defendant are not exceptional enough to prevent counsel from waiving defendant's constitutional rights. See Henry v. Mississippi, 379 U.S. 443, 13 L. Ed. 2d 408, 85 S. Ct. 564 (1965); see Brookhart v. Janis, 384 U.S. 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245 (1966).

Since the only people excluded over defendant's objections were defendant's witnesses, the trial court's discretionary power to sequester witnesses weighs against the remainder of the right to public trial not already waived by defendant.

The trial court may within its discretion exclude witnesses from the courtroom while testimony is given. *Cf. State v. Peters,* 90 N.H. 438, 10 A.2d 242 (1939); 53 Am. Jur. *Trial* § 31 (1945); 3 Wharton, Criminal Evidence § 840 (12th ed. R.A. Anderson 1955). The trial court's discretion controls the demand of any party to exempt any specific witness from exclusion. 6 Wigmore, Evidence § 1841 (3d ed. 1940).

We rule that the record shows the trial court had sufficient discretionary grounds to exclude defendant's witnesses in that there was both a possibility of intimidating a child witness and of a subsequent coloring of the sequestered witnesses' testimony. *See* 6 Wigmore, *supra* § 1838. A voluntary partial waiver does not deprive the trial court of its discretionary power to sequester witnesses.

The second issue raised by defendant is that the grand jury indictments should have been dismissed because they were based solely on hearsay evidence consisting of a police report, four written statements by the complainants and their mothers, and the testimony of one police officer.

The United States Supreme Court in *Costello v. United States,* 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406 (1956), held that an indictment cannot be challenged on the ground that only hearsay evidence was presented to the grand jury. The Supreme Court has gone even further to indicate that evidence presented to a grand jury that was obtained in derogation of defendants' fifth amendment rights would not provide a basis to vitiate an indictment. *United States v. Blue,* 384 U.S. 251, 255 n.3, 16 L. Ed. 2d 510, 514 n.3, 86 S. Ct. 1416, 1419 n.3 (1966). Nor would the use of the testimony of an incompetent witness. *State v. Walsh,* 76 N.H. 581, 84 A. 42 (1912).

Under the common law, the workings of grand juries were not hampered by evidentiary rules. *Costello v. United States supra.* In New Hampshire, the grand jury's "common law powers are not restricted". *Powell v. Pappagianis,* 108 N.H. 523, 524, 238 A.2d 733, 734 (1968). We see no reason to question this policy of our law.

Defendant's third contention is that the trial court either failed to exercise or abused its discretion by admitting into evidence, on the issue of credibility, the prior criminal records

of the defendant and his witness. We recently analyzed and upheld such use of a defendant's prior convictions more remote in time than any of the convictions mentioned in this case. *State v. Cote*, 108 N.H. 290, 235 A.2d 111 (1967). The record here shows that defense counsel drew the teeth of the defendant's prior conviction by bringing it out himself and that the trial court gave proper limiting instructions. We find nothing in the record to indicate an abuse of discretion or to change our view enunciated in *State v. Cote supra.*

Defendant's fourth argument relates to the denial of a motion for a mistrial on the grounds that witnesses testified to either similar prior crimes or similar improper acts of the defendant, contrary to the instructions of the trial court. The record shows defendant waived this issue by failing to make a timely objection to the state's leading questions and by failing seasonably to move to strike witnesses' answers. 5 Wharton, Criminal Law and Procedure 2046-49 (R.A. Anderson ed. 1957); *see State v. Roach*, 82 N.H. 189, 131 A. 606 (1926).

Defendant next argued that our attempt statute, RSA 590:5, is unconstitutionally vague. We recently discussed the intention element and the overt act element of attempt in rape cases. *State v. Davis*, 108 N.H. 158, 229 A.2d 842 (1967). By construing the statute, the court fixed its meaning "as definitely as if it had been so amended by the legislature". *Winters v. New York*, 333 U.S. 507, 514, 92 L. Ed. 840, 849, 68 S. Ct. 665, 669 (1948). Furthermore, the word attempt has been used with common-law criminal offenses long enough to apprise potential offenders of forbidden conduct. *See State v. Thurston*, 112 N.H. 288, 293 A.2d 770 (1972). We hold RSA 590:5 not to be unconstitutionally vague for it gives reasonable notice of the prohibited conduct (*U.S. v. Harriss*, 347 U.S. 612, 98 L. Ed. 989, 74 S. Ct. 808 (1954); *State v. Parker*, 109 N.H. 491, 256 A.2d 159 (1969)), sets up an ascertainable standard of guilt (*Chronicle & c. Pub. Co. v. Attorney-General*, 94 N.H. 148, 48 A.2d 478 (1946)), and there is no showing that it encourages erratic and arbitrary police action.' *See Papachristou v. Jacksonville*, 405 U.S. 156, 162, 31 L. Ed. 2d 110, 115, 92 S. Ct. 839, 843 (1972) and cases cited therein.

The defendant next argues that there can be no conviction on the charge of the attempted offense if the State alleged and offered evidence that defendant actually consummated the offense. We see no good reason to overturn our holding in the rape case of *State v. Archer,* 54 N.H. 465 (1874), that the prosecution can charge and convict the defendant of the lesser of the two felonies despite evidence of guilt on the greater. Perkins, Criminal Law 552-57 (2d ed. 1969).

Defendant's seventh contention states that the indictments should have been dismissed because the State did not bring the defendant to trial until eight and one-half months from the time of the original charge, thereby denying him his right to a speedy trial.

The record shows that defendant was arrested on March 16, 1971. The next day, defendant had a preliminary examination wherein he waived his right to probable cause hearing and bail was set. He was incarcerated, and on April 16 the court denied his counsel's motion to reduce bail. In May 1971, defendant's counsel submitted a petition for writ of habeas corpus in which he first anticipated the denial of his right to a speedy trial by stating that the Belknap County grand jury would not meet until October 1971. Hearings were held on May 28 and June 4 on the matter of speedy trial and the defendant's waiver of the probable cause hearing, whereupon the court dismissed the petition but reduced bail. He was thereafter released on bail. The grand jury returned indictments against the defendant on October 12, 1971. On November 29, 1971, the defendant moved for a continuance until February 1972. The court granted the continuance to December 7, 1971, at which time trial commenced.

Article 14, part I of the New Hampshire constitution guarantees the right of a speedy trial to the defendant. But this right is "necessarily relative and must be considered with regard to the practical administration of justice". *Riendeau v. Milford Municipal Court,* 104 N.H. 33, 34, 177 A.2d 396, 398 (1962). The record shows that the delays here were caused either by the normal court calendar or the determination of issues raised for the benefit of the defendant. We hold the time inherent in dealing with these matters not to be a denial of the constitutional right to a speedy trial

in that they were disposed of "according to the prevailing proceedings of law free from arbitrary, vexatious or oppressive delays . . . ." *Riendeau v. Milford Municipal Court supra; see State v. Coolidge,* 109 N.H. 403, 413, 260 A.2d 547, 554 (1969), *rev'd on other grounds,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971).

The sixth amendment to the United States Constitution also guarantees the defendant's right to a speedy trial. *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967). The United States Supreme Court recently proclaimed a balancing test to weigh the conduct of both the prosecution and the defendant to decide if there was a denial of the right to speedy trial. *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). The court identified four factors to weigh in the balance: length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant. Although a nine-month delay may be overly long in some cases (*see United States v. Butler,* 426 F.2d 1275, 1277 (1st Cir. 1970)), we think the length of delay in this case is justified. The defendant was not prejudiced by the delay. He was released on bail a few months after incarceration, compared with ten months in jail in *Barker v. Wingo supra,* and after indictment his own attorney asked for a continuance to find a defendant's witness, thereby indicating that defendant's trial preparation was aided and not prejudiced by the delay. There is no evidence of deliberate attempts by the prosecution to delay the trial to hamper the defense. We hold the defendant's right to a speedy trial was not denied under either New Hampshire or United States constitutional standards.

The defendant's eighth contention is that the trial court erred by failing to instruct the jury that defendant's presumed innocence must be considered as actual proof of innocence. The trial court instructed the jury on the legal inference requiring them to presume the innocence of the accused and on the burden of proof the prosecution must bear in overcoming this presumption. The great weight of authority agrees with the trial court's view that presumption of innocence is not evidence or actual proof of defendant's innocence. 9 Wigmore, *supra* § 2511, at 409-11; 1 Wharton, Crimi-

nal Evidence § 97 (13th rev. ed. C. Torcia 1972). New Hampshire has long agreed with this prevailing view, *State v. Kilcoyne*, 82 N.H. 432, 135 A. 532 (1926), and we see no reason to change it.

The defendant's ninth contention involves the trial court's refusal to instruct the jury to weigh lack of corroboration when considering the weight given to the complaining witnesses' testimony. The trial court did instruct the jury that the question came down to whose testimony they believed, which defendant further contends was an adoption of the State's specific position without a charge also stating the defendant's specific position. We find no error. New Hampshire law requires no corroboration of a witness' testimony unless expressly mandated by statute or the constitution. *State v. Desilets*, 96 N.H. 245, 73 A.2d 800 (1950); *State v. Cross*, 111 N.H. 22, 274 A.2d 880 (1971). Even though there was no such mandate for this crime, the record shows the trial court instructed the jury that corroborative evidence in sex crimes is frequently lacking and cautioned the jury that it was easy to accuse one of and difficult to defend against accusation of such crimes. We think this charge adequately apprised the jury of the weight to be given the uncorroborated complaining witness' testimony. No error was committed. *See State v. Desilets supra.*

The tenth contention raises the issue of whether the jury received improperly coercive instruction. The record shows that after the jury had been deliberating for some time, one of the jurors wrote a note to the judge stating that he was the only juror who "felt" the defendant was not guilty and asking if he should now reevaluate his thinking where "*all* but me feel differently". (Emphasis in original.) In response, the court transmitted to the jury in writing an abbreviated version of the charge reported in *Ahearn v. Mann*, 60 N.H. 472, 473 (1881), supplemented by the instruction that "each and every member of the jury" should give the defendant "the full benefit of the presumption of innocence without any mental reservations whatsoever".

We recognize that a somewhat similar charge known to the federal courts as the "*Allen* charge" (*Allen v. United States*, 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896)) and also

as the "dynamite charge", has been severely criticized. *See* ABA Minimum Standards Relating to Trial by Jury § 5.4, at 146-56 (Approved Draft 1968). However, we find no prejudicial error in the limited use made of the *Ahearn* charge in this case. *See Dunne v. Carey,* 97 N.H. 43, 44, 79 A.2d 842, 843 (1951). We suggest that in the future trial judges should consider the more circumscribed instructions recommended in the *ABA Standards.*

The defendant's eleventh contention is that the indictments should be dismissed because he was denied a probable cause hearing. The record of the hearing on the petition for a writ of habeas corpus before *Keller,* C.J. indicates that defendant initially appeared before the District Court (*Ramsey,* J.) where he was formally notified of the charges against him, apprised of his rights including his right to counsel, and advised that he was not eligible as an indigent for State-appointed counsel.

At this point, the judge advised defendant of his right to waive the probable cause hearing, whereupon defendant elected to waive the hearing, stating he intended to go to superior court and have counsel appointed there. The judge then accepted the waiver of the probable cause hearing, set bail on each complaint and entered no plea. Defendant having waived the probable cause hearing, the district court held him to appear in superior court. RSA 596-A:4, 7 (Supp. 1972).

Under the circumstances of this case, there was no violation of the defendant's rights.

*Exceptions overruled.*

All concurred.