Hillsborough
No. 87-246

THE STATE OF NEW HAMPSHIRE

v.

GILBERT HAMEL

July 8, 1988

Stephen E. Merrill, attorney general (T. David Plourde, assistant attorney general, on the brief), by brief for the State.

Joanne Green, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.    The defendant was convicted after a jury trial in Superior Court (O'Neil, J.) of accomplice to robbery. RSA 626:8; RSA 636:1. He was sentenced to twelve months at the county house of correction, with a twelve-month probation period following incarceration, and ordered to make restitution in the amount of $100. We affirm.

The testimony in this case reveals that in the early morning of October 9, 1986, the victim, Roland Roy, reported that he had been robbed by a group of five young men outside the Mayflower restaurant in Manchester. Roy testified at trial that, upon leaving the restaurant after an afternoon and evening of heavy drinking, he encountered the group of men and agreed to accompany them to a nearby party. He recognized one of the men as the brother of a former girlfriend. He later identified the man by name as the defendant, but not until after he had overheard Officer Kinney of the Manchester Police Department mention the name to another officer. According to Roy, as the group was en route to the party,

he was struck in the face by one of the men and fell to the ground. He testified that the defendant kneeled on his chest and pinned him down while one of the other men took his wallet, which contained approximately $80. Roy further testified that after he was released he called to the fleeing men, "Hamel, give me back my wallet."

Officer Kinney testified before Roy at trial. He described Roy's disheveled physical appearance, including his apparent drunkenness, and testified that he took a description of the defendant from Roy. He added that Roy identified the defendant by name after Kinney mentioned it. He further testified that he saw a group of several young men in the area at the approximate time of the reported robbery.

Prior to trial, the defendant moved to sequester all of the witnesses, which included the two State's witnesses, Roy and Officer Kinney, to prevent them from hearing each other's testimony. The defendant argued that Roy's drunkenness at the time of the incident rendered his potential testimony suspect, and that he should not be permitted the opportunity to conform his testimony to that of Officer Kinney. The defendant suggested, alternatively, that the trial court could order the State to present Roy's testimony first. The trial court granted the sequestration motion except with respect to Roy.

The defendant pursues the same issue on appeal. He claims that under the circumstances of this case it was an abuse of discretion for the trial court not to have sequestered the victim-witness or, in the alternative, to have directed the State to call the victim as its first witness. The State argues, on the other hand, that Rule 615 of the New Hampshire Rules of Evidence precludes the trial court from sequestering the victim of the crime and that, in any event, the defendant has failed to show any prejudice as a result of the trial court's complete denial of relief.

▉ Rule 615 of the New Hampshire Rules of Evidence provides, in pertinent part:

> "At the request of a party the court shall in criminal cases . . . order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) . . . a victim of the crime . . . ."

N.H. R. Ev. 615. The rule alters our common law to the extent that sequestration of witnesses in criminal cases has traditionally been within the discretion of the trial court. *See State v. Blake*, 113 N.H. 115, 119, 305 A.2d 300, 303 (1973); *State v. Peters*, 90 N.H. 438, 439,

10 A.2d 242, 244 (1939). Under the rule, the trial court must order sequestration in criminal cases upon request. The rule also plainly states that it does not authorize the trial court to exclude the victim of the crime. The trial court here cannot then be said to have committed error with respect to its refusal to sequester Roy.

■ The defendant's alternative request for the court to direct the order of the State's witnesses requires a different analysis. Authorities have suggested that in certain cases it may be appropriate for a trial court to direct the order of witnesses so as to achieve the same purpose as that underlying sequestration; *i.e.*, to prevent witnesses from conforming their testimony to that of others. *See* 6 WIGMORE, EVIDENCE § 1841, at 476 (Chadbourn rev. 1976) (where party witness not excluded); *see also* 88 C.J.S. *Trial* § 68 (1955). That decision, however, lies within the sound discretion of the trial court, and it will not be upset on review absent a showing of abuse of discretion. *Cf. McKinney v. Riley*, 105 N.H. 249, 250, 197 A.2d 218, 220 (1964) (order of calling witnesses, at least in civil case, rests in sound discretion of trial court); 6 WIGMORE *supra*. Moreover, as the State argues, establishing abuse of discretion necessarily entails a showing of prejudice to the defendant by the trial court's decision. *See* C. TORCIA, WHARTON'S CRIMINAL EVIDENCE § 376, at 502–03 14th ed. 1986) (denial of motion to sequester not reversible error absent a showing of prejudice); *cf. State v. Hotchkiss*, 129 N.H. 260, 264, 525 A.2d 270, 272 (1987) (admission of evidence must be to prejudice of defendant to constitute abuse of discretion). We are also mindful that the presentation of evidence, which includes the order in which witnesses are called, is a matter of trial strategy for counsel. J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 611[01], at 611–16 (1987).

■ Here, the defendant has made only conclusory allegations to the effect that permitting Roy to hear the testimony of Officer Kinney gave Roy an unfair opportunity to color his testimony. Upon review of the record, we do not see that Roy gave testimony that so mirrored that of Officer Kinney as to lead to the conclusion that Roy colored his own testimony to conform to that of Officer Kinney. Nor did the defendant describe any instances in his brief where this occurred. Moreover, defense counsel tried several avenues of impeachment, including focusing on Roy's ability to perceive and relate the facts, as limited by his inebriation, and presenting a defense witness who gave a different account of Roy's activities on the evening of the incident. That the jury was not swayed by these

efforts is not enough to prompt us to overturn the conviction and order a new trial. Finally, while the record reveals that Roy was deposed prior to trial, absent from the record is any attempt on the part of defense counsel to impeach Roy through the use of his deposition.

*Affirmed.*

All concurred.