Grafton
No. 88-336

THE STATE OF NEW HAMPSHIRE

v.

HOWARD G. JOHNSON

October 6, 1989

*John P. Arnold,* attorney general (*Ellen P. McCauley,* attorney, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

SOUTER, J. The defendant, convicted of aggravated felonious sexual assault, RSA 632-A:2, appeals an evidentiary ruling of the Superior Court (*Morrill,* J.) allowing the victim to testify on rebuttal after listening to the testimony of defense witnesses in arguable violation of an order that witnesses be sequestered. We affirm.

The defendant was charged with committing fellatio on a fourteen-year-old boy whom he had taken camping. The date of the offense was open to question. After the State had presented evidence of its occurrence on August 3, 1985, the defendant called alibi witnesses who testified that he had cut and scraped his arms and legs at a picnic that day and had camped out with others that night. The victim heard this testimony and, when recalled on

rebuttal, testified subject to objection that on the night of the offense the defendant's arms had certain injuries, which the defendant told him he had received at a picnic earlier that day.

The defendant addresses the general rule that admission of relevant evidence is subject to trial court discretion after weighing its probative value and prejudicial potential, *see State v. Brooks*, 126 N.H. 618, 625, 495 A.2d 1258, 1263 (1985), by claiming that the ruling in question was an abuse of discretion "[i]n light of the sequestration order," with which it was said to be inconsistent. It is a claim, however, without the support of any clear fact, and clearly without the benefit of any law.

No order calling for the sequestration of witnesses is included in the record transferred to us. To establish the existence of such an order, the most that the defendant can point to are statements made by the trial judge when overruling the defendant's objection. These remarks do indicate that the judge had made some sequestration order, which he apparently understood to apply to the victim as well as to other witnesses.

Assuming that a sequestration order did purport to exclude the victim from the courtroom, however, it was error. In contrast to the common law rule that sequestration of witnesses in a criminal case was discretionary with the court, *see State v. Peters*, 90 N.H. 438, 439, 10 A.2d 242, 244 (1939), New Hampshire Rule of Evidence 615 now mandates sequestration at the request of either side in a criminal case, subject to exceptions, *inter alia*, for a victim of the crime, as to whom "[t]his rule does not authorize exclusion." Any order purporting to sequester the victim was error, *see State v. Hamel*, 130 N.H. 615, 616–17, 547 A.2d 223, 224 (1988), and the refusal to persist in error can hardly be said to constitute an abuse of discretion.

Although we do not understand the appeal to rest on any ground except the alleged violation of the sequestration order, we do note that nothing in the record required exclusion of the rebuttal testimony on grounds of prejudice, N.H. R. Ev. 403, a conclusion underscored by the prosecutor's care, in recalling the victim, to call the jury's attention to the fact that he had heard the defense's alibi witnesses.

*Affirmed.*

All concurred.