# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0355, <u>Nancy Haskell v. Elizabeth Millett & a.</u>, the court on September 10, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The plaintiff, Nancy Haskell, appeals a decision of the Circuit Court (<u>Boyle</u>, R., approved by <u>Keating</u>, J.), following an evidentiary hearing on the plaintiff's small claim seeking damages for conversion against the defendants, Stephanie Millett f/k/a Stephanie Irish, Elizabeth Millett, and Donald Trent, II, ruling that the plaintiff failed to prove her case by a preponderance of the evidence.  The plaintiff argues that the trial court erred by: (1) not granting her motion to recuse the presiding judicial referee; (2) allowing the defendants' attorney to represent one of the defendants despite not filing an appearance on that defendant's behalf; (3) not allowing a witness, whom she had not previously disclosed, to testify; (4) not closing the courtroom to persons unconnected with the case; (5) allowing one of the defendants to exit the courtroom during the testimony of one of her witnesses; (6) allowing testimony regarding certain court proceedings that, she claims, were confidential; (7) allowing the defendants' attorney to refer to one of the defendants by that defendant's last name as established by divorce decree; (8) allowing certain testimony and exhibits into evidence, and not allowing other testimony and exhibits into evidence; and (9) crediting certain witnesses and placing weight upon certain evidence, and not crediting other witnesses or placing weight upon other testimony.  We affirm.

We first address whether the trial court erred by denying the plaintiff's motion to recuse the presiding judicial referee.  At the start of the evidentiary hearing, the plaintiff asserted that the referee was disqualified because the referee's brother was a judge who had presided over certain proceedings involving one of her witnesses, and because the judge in the other proceedings had ruled against her witness.  In denying the motion, the referee stated:

> I don't know any of the parties in this case.  I haven't dealt with any of the parties in this case.  I have no idea what you're talking about in the case involving my brother . . . .
> And I have no idea what you're even talking about.  So there is no conflict that I could legitimately recuse myself on.

Subsequent evidence introduced at the hearing established that the other proceedings involved a domestic relations matter between the plaintiff's witness

and one of the defendants, and in its written decision, the referee confirmed that although his brother had presided over the domestic relations matter, the referee "knows nothing about that case and finds no conflict."

"The Code of Judicial Conduct requires disqualification of a judge in a proceeding in which the judge's impartiality might reasonably be questioned and to avoid even the appearance of impropriety." State v. Bader, 148 N.H. 265, 268 (2002); see Sup. Ct. R. 38, Canon 2.11. An appearance of impropriety exists if a reasonable person would question the impartiality of the judge. See Bader, 148 N.H. at 268. Adverse rulings, alone, "almost never constitute a valid basis for a bias or partiality motion," regardless of whether the rulings were issued in the same or a related judicial proceeding. In re C.M., 166 N.H. 764, 776 (2014) (quotation omitted). Here, the plaintiff offered no justification for the referee's disqualification beyond the fact that the referee's brother had issued rulings adverse to one of her witnesses in a different proceeding. The referee confirmed that he does not know any of the parties, had not dealt with any of the parties, and was unfamiliar with the other proceeding. Based upon our review of the record, the plaintiff has not established that a reasonable person would have questioned the impartiality of the referee. See Bader, 148 N.H. at 268.

The trial court has broad discretion to manage the proceedings before it. Achille v. Achille, 167 N.H. 706, 713 (2015). Its discretion encompasses matters such as whether to allow a previously undisclosed witness to testify; Murray v. Developmental Servs. of Sullivan County, 149 N.H. 264, 267 (2003), whether to allow evidence over a party's objection that such evidence is not relevant, see id.; RSA 503:7 (2010) (providing that technical rules of evidence do not apply in small claim proceedings, and that the trial judge may admit any evidence the judge finds material and proper); whether to waive strict application of a court rule for good cause, see In the Matter of Britton & Britton, 174 N.H. 702, 707-08 (2022); Dist. Div. R. 1.1; and whether to exclude witnesses from the courtroom in an otherwise public proceeding, see State v. Blake, 113 N.H. 115, 119 (1973). The trial court's discretion likewise extends to matters such as assigning weight to evidence, assessing the credibility and demeanor of witnesses, and resolving conflicts in testimony. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011).

To establish that the trial court unsustainably exercised its discretion, it is the plaintiff's burden to demonstrate that its rulings were clearly untenable or unreasonable to the prejudice of her case. Murray, 149 N.H. at 267. It is likewise the plaintiff's burden, as the appealing party, to demonstrate reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the record and the plaintiff's remaining arguments, we are unpersuaded that the trial court's rulings were clearly untenable or unreasonable to the prejudice of the plaintiff's case, and we uphold the trial

2

court's determination that the plaintiff failed to carry her burden of proof.  <u>See</u> <u>id</u>.; <u>Murray</u>, 149 N.H. at 267.

In light of this order, the defendants' request to dismiss the appeal is moot.  The defendants' request for an award of attorney's fees is denied.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**