# SPRING SESSIONS,

# 1902.

———•———

## STATE *vs.* EZEKIEL R. GEORGE.

*Criminal Law—Barn-Burning—Infants—Malice—Criminal Capacity—Former Ruling Corrected.*

1.   Where the prisoner is under fourteen years of age, it is incumbent upon the State, before the jury may find a verdict of guilty, to show, ( 1 ) that the accused committed the act charged, and, ( 2 ), that he did it with a guilty knowledge that he was doing wrong.   That guilty knowledge may be shown from the apparent intelligence of the accused; from his acts and conduct in connection with the crime, and any other circumstances that will throw light upon that subject.

2.   Until seven years of age an infant is conclusively presumed incapable of committing any crime whatever.   From seven until fourteen the presumption continues, but is not conclusive, and grows gradually weaker as the age advances toward fourteen. At any stage of this period the presumption of incapacity may be removed by evidence showing intelligence and malice, but such evidence ought to be strong and clear beyond all reasonable doubt.   All persons of the age of fourteen and upwards are presumed, in point of understanding, capable of committing any crime, until the contrary be proved.

3.   The case of *State vs. Jackson, 3 Pennewill, 15*, corrected.

(*May 22, 1902.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Herbert H. Ward,* Attorney-General, for the State.

(The prisoner was unrepresented by counsel.)

Court of General Sessions, New Castle County, May Term, 1902.

The prisoner was indicted at this term for BURNING A BARN in Mill Creek Hundred.

LORE, C. J., charging the jury :

Gentlemen of the jury :—Ezekiel R. George is charged with feloniously, wilfully and maliciously setting fire to, and burning the barn of Samuel Logan, in Mill Creek Hundred, this county, on or about the seventh day of April, 1902.

It is admitted that the prisoner is under fourteen years of age ; and where a prisoner is thus a minor it is incumbent upon the State to show, *first,* that the accused committed the act charged, and, *secondly,* that he did it with a guilty knowledge that he was doing wrong. That guilty knowledge may be shown by the apparent intelligence of the accused minor, and from his acts and conduct in connection with the crime, and any other circumstances that will throw light upon that subject.

The principle of law governing cases of this kind, where the person charged is an infant, is very clearly stated in *3 Greenleaf on Evidence, Section 4,* as follows : " With respect to *infants.* the period of infancy is divided by the law into three stages— The *first* is the period from the birth *until seven* years of age ; dur, ing which an infant is *conclusively* presumed incapable of committing any crime whatever. The *second* is the period *from seven until fourteen.* During this period the presumption continues, but it is no longer conclusive, and grows gradually weaker as the age advances toward fourteen. At any stage of this period the presumption of incapacity may be removed by evidence showing intelligence and malice ; for *malitia supplet aetatem ;* but the evidence of that malice which is to supply age, ought to be strong and clear beyond all reasonable doubt." ＊ ＊ ＊ " The *third* commences at *fourteen ;* the presumption of incapacity arising from youth being then entirely gone, and all persons of that age and upwards being presumed in point of understanding, capable of committing any crime, until the contrary be proved."

You have the law as thus stated by Greenleaf, and if, under the circumstances of this case, you believe that the prisoner com-

mitted the offense and that at the time he had sufficient intelligence to know that he was doing a wrong act, and did it wilfully and maliciously, then your verdict should be guilty in manner and form as he stands indicted. If you should have a reasonable doubt upon any of the material elements of the crime charged, your verdict should be not guilty—the doubt should enure to his acquittal.

The Court charges you thus with respect to the possession of criminal capacity, because we find in the case of *State vs. Jackson,* *3 Pennewill, 15,* that the law is inaccurately stated, through inadvertence, and we take this method of correction.

Verdict, guilty, with a recommendation to the mercy of the Court.