490

STATE OF DELAWARE V. MADELINE R. ROSS.

*(November 11, 1946.)*

RICHARDS, C. J., and CAREY, J., sitting.

*Vincent Theisen,* Chief Deputy Attorney-General, for the State.

*Alexander Jamison* for the defendant.

Court of General Sessions for New Castle County, No. 74, September Term, 1946.

CAREY, J., delivering the opinion of the Court.

This motion to quash is predicated upon the assumption that fortune telling was not a crime at common law. It is argued on behalf of the defendant that the statute quoted above does not declare fortune telling to be a crime or misdemeanor, nor does it declare the act to be unlawful, nor does it forbid fortune telling in so many words. The conclusion is drawn that the Legislature has not created a crime and, in view of the contention that fortune telling was not a crime at common law, it is contended that the Legislature has attempted to impose a penalty for a perfectly lawful act, which it has no right to do. It is admitted that the statute would be valid if fortune telling were a common law crime because the Legislature would then be merely providing a penalty for a common law offense. Under 5180, Sec. 24, Ch. 149, *Revised Code of Delaware* 1935, common law offenses not specially provided for by statute are deemed misdemeanors. No question has been raised concerning the definition of the term "fortune telling" or concerning the constitutional power of the Legislature to forbid the practice. See *Davis v. State,* 118 *Ohio St.* 25, 160 *N. E.* 473.

We find it unnecessary to determine whether or not fortune telling was a common law crime. A study of that question would be highly interesting but unprofitable for our present purposes. We should, perhaps, call attention to the Act of 9 Geo. 2, Ch. 5, which apparently was the basis of our statute. See 2 *Russell on Crimes* 316.

█ The earliest Delaware statute dealing with the subject was passed on June 5, 1779. 2 *Laws of Delaware* 669. In 1826, this was repealed and a new act was passed. 6 *Laws of Delaware* 727. The last mentioned statute was a lengthy act dealing with the penalties to be imposed for numerous crimes. It provides that: "the crimes and misdemeanors hereinafter mentioned shall be punished as hereinafter prescribed, that is to say * * *." There follows

a long list of offenses with the penalties therefor, each offense being set forth in a separate paragraph. One of those paragraphs is substantially the same as the present code section 5285, quoted herein. When the Code of 1852 was adopted, that paragraph was included as a separate act, which has remained on our statute books with very little alteration, the general form having been unchanged.

The foregoing history of the statute is set forth principally for the purpose of showing that, even under the defendant's theory, the original act of 1826 (of which the present law is substantially a copy) declared fortune telling to be a crime.

Disregarding the history of the statute and looking at it simply as a new enactment, we are nevertheless of the opinion that the act is perfectly valid as a criminal law. To us, it is plain that any layman of ordinary intelligence would understand its meaning; he would know beyond any doubt that he is liable to a fine and imprisonment if he tells fortunes; it would not be necessary to go further and tell him that the practice is a misdemeanor. He would understand this just as fully as if the Legislature had said to him "it shall be unlawful for you to do this under penalty of fine or imprisonment" instead of saying "if you do this, you must pay a fine or be imprisoned." We see no reason why the Court should place a different interpretation upon it. When the Legislature has used words as simple as these and has expressed its wishes as clearly as it has done in this instance, we think it would be unreasonable to insist that it insert some supposedly magic word like "misdemeanor," "crime" or "unlawful."

No case or text has been cited by defendant's counsel to support his position, nor have we been able to find any. On the other hand, the only authorities we have found dis-

agree entirely with his theory. A partial list of them should suffice. 50 *Am. Jur.* 439; 14 *Am. Jur.* 769; 22 *C. J. S., Criminal Law*, § 25, p. 77; 16 *C. J.* 68; 1 *Wharton's Criminal Law* (12th Ed.) 47; *State v. Central Lumber Co.*, 24 *S. D.* 136, 123 *N. W.* 504, 42 *L. R. A.*, (*N. S.*) 804; *United States v. Joyce*, (*D. C.*) 138 *F.* 455.

It is recognized, of course, that criminal statutes must be construed liberally in favor of the accused and strictly against the State. The defendant says that this means that nothing can be implied into a criminal statute. Her counsel argues that the Legislature has, by the imposition of a penalty, merely implied that fortune telling is a crime, whereas it should have said so in so many words. Rules of construction have no application when a statute is plain and clear upon its face, the legislative intent being the paramount consideration. The contention made, if followed, would take us further into the forest of technical legalisms than any Court has yet gone, as far as we are aware. We would be obliged to establish a new precedent in order to grant the present motion.

Our conclusion, based upon the authorities cited, is that the Legislature creates a criminal offense when it prescribes a punishment by fine or imprisonment for the performance of an act. It has done so in this instance.

The motion to quash will be denied.