Peterborough Municipal Court,
No. 4869.

STATE *v.* RICHARD DODGE.

Argued November 1, 1960.

Decided December 27, 1960.

132

*Louis C. Wyman*, Attorney General, and *William J. O'Neil*, Assistant Attorney General (*Mr. O'Neil* orally), for the State.

*William D. Tribble* for the defendant.

LAMPRON, J.  RSA 262:15-a (supp) makes it a misdemeanor to operate a motor vehicle "in a grossly careless or grossly negligent manner which said operation does not constitute reckless operation of a motor vehicle and which does not result in the death of any person . . . Grossly careless or grossly negligent operation, for the purposes of this section shall be, that manner of operation of a motor vehicle which, although short of wilful and intentional wrong, is marked by more want of care than simple inadvertence and is carelessness substantially and appreciably higher in magnitude than ordinary negligence or carelessness, or a high degree of indifference to the operator's duty."

Previous to the enactment of this section (Laws 1955, c. 109, s. 1) the prohibition against operating a motor vehicle in a grossly careless or grossly negligent manner was part of RSA 262:15 which also prohibits anyone from operating a vehicle recklessly, or so that the lives or safety of the public shall be endangered.

It is relatively easy to distinguish between "a wilful and intentional wrong" and "simple inadvertence" or ordinary negligence. In the former the actor seeks a certain forbidden end and he directs his conduct toward that end or knows that it is very likely to occur.  The negligent actor, on the other hand, is inadvertent to the dangerousness of his behavior although actually it unreasonably increases the risk of the occurrence of a proscribed harm.

"Reckless operation," in our opinion, approaches intentional misconduct, in that the actor is or can be found aware that his conduct creates a risk that a forbidden harm will probably result, but is consciously indifferent to that risk. It differs from willful and intentional misconduct in that he does not deliberately intend that the harm shall result, or seek to cause it. *State* v. *Soucy*, 97 N. H. 233, 234; see Hall, General Principles of Criminal Law, 215-236 (1947).

The greatest difficulty arises when negligent or careless conduct is to be characterized as gross but not constituting recklessness. For the purposes of RSA 262:15-a (supp) grossly negligent or grossly careless operation is the operation of a motor vehicle in such a way that although the actor does not intend a proscribed result, and although he does not act with conscious indifference to the risk that the proscribed result will probably occur, nevertheless his conduct is such that he does or reasonably should know that it creates a substantially greater risk that a proscribed result will occur than would simple inadvertence, or failure to use ordinary care.

The evidence showed that the defendant had consumed one bottle of beer at an unspecified time before the accident and had an alcoholic odor on his breath. He was proceeding after dark easterly on Union Street which was icy and had snow banks on each side. A car was parked on the south side of said street without lights. There was a street light 21 paces easterly of said car. There was an area of 5 feet 6 inches between this parked car and the marked center line of the road. A car was approaching from the opposite direction. Defendant tried to pass between the two cars and hit the parked car causing extensive damage to its left side and some damage to the right front fender and side of his car.

There was no testimony that defendant's driving was affected by the beer he had consumed. The rate of speed at which he was proceeding is a matter of conjecture as there was no direct testimony thereon nor evidence of brake marks or other such indicia except for what evidence the damage to the cars might furnish. Assuming that each side of the center line provided an equally clear space for travel and that the car approaching from the west was as far north of the center line as the parked car was south of it, the defendant had an area of 11 feet in which to pass between these cars.

We fail to see on the record how defendant's operation could

be found to constitute more than ordinary negligence or carelessness. It would not support a conviction of operating a motor vehicle in a grossly careless or grossly negligent manner so as to warrant denial of defendant's motion.

*Remanded.*

All concurred.