Nashua District Court,
No. 5834.

## STATE

*v.*

## EDWARD L. PARKER.

Argued December 3, 1968.
Decided July 30, 1969.

*George S. Pappagianis,* Attorney General, and *David H. Souter,* Assistant Attorney General (*Mr. Souter* orally), for the State.

*Harkaway, Barry & Gall* (*Mr. Joseph F. Gall* orally), for the defendant.

LAMPRON, J. Criminal complaint charging defendant with willfully and knowingly being in the presence of another person who had illegal possession of marijuana in violation of RSA 318-A:21 III (supp). Defendant's motion to dismiss the complaint, because the statute under which he is charged is vague, indefinite and confusing, and · lacks a prohibition clause, was denied by *Kenneth F. McLaughlin,* special associate justice. The questions of law raised by defendant's exception were reserved and transferred to this court under the provisions of RSA 502-A:17-a.

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process." *Connally* v. *General Construction Co.,* 269 U. S. 385, 391; *Cameron* v. *Johnson,* 390 U. S. 611; *United States* v. *Cardiff,* 344 U. S. 174, 176.

The vagueness which renders a criminal statute invalid usually arises from uncertainty with respect to persons within its scope or with respect to the nature of the acts which are prohibited. *United States* v. *Cardiff,* 344 U. S. 174, 176; 22 C. J. S., Criminal Law, *s.* 24 (2) *p.* 69.

The statute involved in this case reads as follows:

"Whoever is present where he knows a narcotic drug is illegally kept or deposited, or whoever is in the company of a person knowing that said person is illegally in possession of a narcotic drug, or whoever conspires with another person to violate the narcotic drugs law, may be arrested by any peace officer whose duty it is to enforce the narcotic drug law, and, if convicted, may be punished for the first offense by imprisonment for not more than one year or fined not more than five hundred dollars or both, and for any subsequent offense by imprisonment for not more than five years or by a fine of not less than five hundred dollars nor more than five thousand dollars."

The provision of the statute which the defendant is charged with violating is being "in the company of a person knowing that said person is illegally in possession of a narcotic drug."

With the amount of knowledge which now prevails in regards to drugs it is difficult to maintain with any degree of conviction "that men of common intelligence must necessarily guess at its [the statute's] meaning and differ as to its application." *Cameron* v. *Johnson,* 390 U. S. 611, 615, 616. The statute explicitly sets out what persons are subject to its provisions and what conduct on their part will render them liable to its penalties. *Connally* v. *General Construction Co.,* 269 U. S. 385, 391.

Defendant argues also that the lack of a prohibition clause renders it constitutionally vulnerable. The statement made by this court in *Albertson* v. *Shenton,* 78 N. H. 216, 217 that "as a general rule, if not invariably, the imposition of a penalty . . . is held to be equivalent to an express prohibition of the act" is a valid statement of the present law. *State* v. *Ross,* 43 Del. 490; 22 C. J. S., Criminal Law, *s.* 24 (3), *p.* 86; 21 Am. Jur. 2d, Criminal Law, *s.* 16, *p.* 96. A statute, which provides that a person who commits certain acts specified therein "may be arrested" and "if convicted, may be punished" by the imposition of specified penalties, sufficiently "warns individuals of the criminal consequences of their conduct" and is not void for vagueness. *Jordan* v. *DeGeorge,* 341 U. S. 223, 230.

Defendant's motion to dismiss was properly denied, and the order is

*Exception overruled.*

All concurred.