**The STATE of Delaware, Plaintiff,**

**v.**

**Kerry Robert SLATTERY, Defendant.**

Supreme Court of Delaware.

Feb. 4, 1970.

William M. Chasanov, Deputy Atty. Gen., Georgetown, for plaintiff.

Jackson R. Dunlap, Jr. of Tease, Faulkner & Dunlap, Georgetown, for defendant.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

By this certification* from the Superior Court, there is presented the question of whether the title of the new Statute pertaining to drug offenses, being 57 Del.Laws, Ch. 101, violates Art. 2, Del.Const. § 16.

The provision of Art. 2, Del.Const. § 16 here invoked is, in pertinent part, the following:

"No bill * * * shall embrace more than one subject, which shall be expressed in its title."

The statutory title here challenged is as follows:

"AN ACT TO AMEND CHAPTER 47, TITLE 16, DELAWARE CODE, PERTAINING TO CRIMINAL OFFENSES OF SALE, POSSESSION AND USE OF NARCOTIC DRUGS AND DANGEROUS DRUGS AND PRESCRIBING PENALTIES FOR SUCH VIOLATIONS."

The defendant points to the following provision of § 4732 as it appears in 57 Del.Laws, Ch. 101:

"§ 4732. Jurisdiction

"The Superior Court of the State of Delaware shall have exclusive original jurisdiction of any violation of this Chapter any other Delaware law notwithstanding."

Having thus pin-pointed § 4732, the defendant argues that prior to the new Statute the Court of Common Pleas had jurisdiction in such drug cases; that the title of the Statute failed to indicate that it divested the Court of Common Pleas of such jurisdiction and placed exclusive jurisdiction in the Superior Court; that, therefore, the title is violative of Art. 2, Del. Const. § 16. We cannot agree.

It is our opinion that 57 Del. Laws, Ch. 101 is not invalid because of its title. The title gives notice to anyone concerned that the Act pertains generally to criminal offenses involving drugs, and prescribes penalties therefor. This is sufficient notice, in our opinion, of the broad scope of the bill and the possible specification therein of the court having jurisdiction to impose such penalties. The title need not be an index of the details of the bill. It is sufficient if the title is so framed as to apprise a reasonable person, interested in the subject matter of the legislation, sufficiently to lead him to an inquiry into the body of the bill. State ex rel. Craven v. Schorr, Del.Supr., 11 Terry 193, 131 A.2d 158, 162 (1957). Moreover, the constitutional requirement of particularization in title is less rigid than otherwise in the case of amendatory statutes, the title of which refers specifically to the original statute. An amendatory act may by its title refer generally to the Act it amends, leaving it to those interested to ascertain the particulars in which the amendment changes the original enactment. See State ex rel. Morford v. Emerson, Del.Super., 1 Terry 233, 8 A.2d 154 and 1 Terry 328, 10 A.2d 515 (1939). The title in the instant case meets these tests.

We hold that 57 Del.Laws, Ch. 101 is not unconstitutional for violation of Art. 2, Del.Const. § 16. Accordingly, the certified question is answered in the negative.

---

* Rule 20 of this Court provides that, within the discretion of this Court, the Superior Court, *inter alia*, may certify questions of law arising in any cause before it where the questions relate to the constitutionality, construction, or application of a statute of this State which has not been, but should be, settled by this Court.