STATE of Delaware

v.

Pamela A. BOARDMAN.

STATE of Delaware

v.

John DOWLING.

STATE of Delaware

v.

Debra A. COLLINS.

Superior Court of Delaware,
New Castle.

June 15, 1970.

Richard S. Schliem, III, Deputy Atty. Gen., Dept. of Justice, Fletcher E. Campbell, Wilmington, for the State.

Thomas Herlihy, III, Wilmington, for defendant Boardman.

John M. Bader, Wilmington, for defendant Dowling.

Richard G. Elliott, Jr., Wilmington, for defendant Collins.

QUILLEN, Judge.

The defendant, Pamela A. Boardman (date of birth: January 27, 1954), was indicted by the New Castle County Grand Jury for possession of a central nervous system stimulant drug in violation of Title 16, Chapter 49, § 4903(c). On the date the offense was allegedly committed, January 24, 1970, Miss Boardman was fifteen years old and on the date of the indictment, March 2, 1970, Miss Boardman was sixteen years old.

The defendant, John Dowling (date of birth: December 31, 1951), was indicted by the New Castle County Grand Jury for possession and use of a dangerous drug in violation of Title 16, Chapter 47, §§ 4722–4723. On the date the offenses were allegedly committed and the date of the arrest, December 15, 1969, Mr. Dowling was seventeen years old and on the date of the indictment, February 2, 1970, Mr. Dowling was eighteen years old.

The defendants Boardman and Dowling moved to dismiss the indictments on the ground that, by reason of age, exclusive jurisdiction over the offenses rests with the Family Court.[1]

The defendant, Debra Collins (date of birth: September 12, 1952), was arrested for possession of a central nervous system stimulant in violation of Title 16, Chapter 49, § 4906(c) and for possession of a dangerous drug in violation of Title 16, Chapter 47, § 4722. On the date the offenses were allegedly committed and the date of the arrest, January 24, 1970, Miss Collins was seventeen years old. Miss Collins has not been indicted. A motion was filed requesting an order requiring the Attorney General and/or Grand Jury not to proceed against Debra Collins. By stipulation, the Attorney General agreed not to proceed until the Superior Court decided whether or not it has jurisdiction over juvenile drug offenders. The argument in the Collins case is therefore in the nature of a prohibition proceeding.

On May 26, 1969, the Governor signed the laws in issue here, 57 Del.Laws, Ch. 101 and 102. The first amended Chapter 47 of Title 16 and the second amended

---

1. In Dowling's case, it is questionable that the motion has any merit even if the arguments presented here are valid because he was eighteen when indicted although under eighteen when arrested. State v. Fowler, 6 Storey 519, 194 A.2d 558 (Super.Ct.1963); State v. Naylor, 207 A.2d 1 (Del.Super.Ct.1965).

Chapter 49 of Title 16 by striking the entire chapter and substituting a new Chapter 49.

Chapter 47 deals in part with the possession and use of dangerous drugs and includes Section 4732 which reads as follows:

" § 4732. Jurisdiction.

The Superior Court of the State of Delaware shall have exclusive original jurisdiction of any violation of this Chapter *any other Delaware law notwithstanding.*" (Emphasis added).

Chapter 49 deals in part with the possession of a central nervous system stimulant drug and includes Section 4912 which reads as follows:

"§ 4912. Jurisdiction.

The Superior Court of the State of Delaware shall have exclusive original jurisdiction of any violation of this Chapter, *notwithstanding any other provision of the Delaware Code to the contrary.*" (Emphasis added.)

The defendants have made several arguments in support of their motions. In substance, the following points have been argued by one or more of the defendants:

1. The statutes were not intended to alter the jurisdictional division between Family Court and other Courts and should not be interpreted as repealing as to drug cases the jurisdiction of the Family Court.

2. The statutes are unconstitutional because they violate Article II, Section 16 of the State Constitution, the section which provides that no bill "shall embrace more than one subject which shall be expressed in its title."

3. The statutes are unconstitutional under due process and equal protection standards.

■ There has been much discussion concerning the policy the State should adopt in regard to Court jurisdiction over ju-venile drug offenders. Initially, therefore, the role of the Court should be stated. The Court must determine what the General Assembly has done and whether what has been done is Constitutional. The Court does not determine the public policy and members of the judiciary in this State have a duty to refrain from injecting their personal public policy views in their legal decisions interpreting statutes. In construing a statute, the Court can only be concerned with the intention of the Legislature. In re Panousseris' Will, 2 Storey 21, 151 A.2d 518 (Orph.Ct.1959). In the instant cases, once the Court's role is clear, the decision is also clear. There is simply little doubt at to what the General Assembly has done and of the power of the General Assembly to do it. The precedent case law, as established by reported Delaware cases, is also clear.

■ In Delaware, legislative intent must be gleaned from the language used in an enactment. As the Supreme Court said through Justice Carey in Angelini v. Court of Common Pleas, 205 A.2d 174 (Del.1964): "The object of construction is to ascertain the legislative intent from the language used." The same distinguished jurist wrote in State v. Ross, 4 Terry 490, 50 A.2d 410 (Gen.Sess.1950) that: "Rules of construction have no application when a statute is plain and clear upon its face, the legislative intent being the paramount consideration." Amendments by implication are not favored but when a subsequent Act is so inconsistent with and repugnant to a prior Act that reconciliation is impossible, an amendment by implication of the prior Act necessarily follows. Rickards v. State, 6 Terry 573, 77 A.2d 199 (Sup.Ct.1950)

■ The statutes in question, 16 Del.C. § 4732 and § 4912, are plain and clear upon their face. Moreover, the statutes expressly contemplated that other laws would be affected. The legislative intent is simply that this Court has exclusive jurisdiction over violations of Chapter 47 and Chapter 49 of Title 16. If the public is dissatisfied

with such a policy or if any legislators had some intent not expressed in the statute, the remedy lies in the legislative forum. This Court does not sit as a super legislature and this Court enforces the Constitutional public policy set by the legislature.

■ I turn now to the Constitutional questions raised. One general comment is in order. Prior to the enactment of special status laws for juvenile offenders, juveniles were referred to the regular criminal court. The juvenile therefore has no special common law rights in regard to criminal jurisdiction and, if the legislature deems it reasonable to grant some special privilege to juveniles, it can generally do so on such terms and with such limitations as it deems fit. See State v. Little, 241 Or. 557, 407 P.2d 627 (1965); State v. Doyal, 59 N.M. 454, 286 P.2d 306 (1955).

■ The title of both bills failed to indicate that they divested the Family Court of jurisdiction in drug cases and placed exclusive jurisdiction in the Superior Court. The defendants argue that the statutes are unconstitutional because they violate Article II, Section 16 of the State Constitution, Del.C.Ann., since they "embrace more than one subject" and do not note the jurisdictional changes in the title. This point has already been considered by the Delaware Supreme Court insofar as the amendment to Title 16, Chapter 47 divested the Court of Common Pleas of jurisdiction in certain drug cases. State v. Slattery, Del. Sup., 263 A.2d 284 (1970). While it is true that the policy change in regard to Family Court may have a more significant impact on juvenile defendants, the legal point in

regard to the title of the bill is the same. This Court is bound by the *Slattery* decision and therefore the title argument made by the defendants is without merit.

■ The defendant Boardman has raised an argument based on due process. But no case has been brought to this Court's attention which would require the State, as a matter of Constitutional law and fundamental fairness, to maintain a special court for juveniles or require a non-amenability determination in regard to such a special court as a Constitutional prerequisite to a criminal proceeding in the normal criminal court. Since the argument has not been substantiated, it must be deemed to be without merit.

In addition, the defendant Boardman has challenged the jurisdictional provisions on the basis of equal protection of the laws. Contrary to the argument of the defendant, the one case cited, Van Winkle v. State, 4 Boyce 578, 91 A. 385 (Sup.Ct.1914), rejected the equal protection claim and offers little assistance to the defendant here. See 91 A. 389–392.[2]

■ The statute treats all persons who violate its provisions in the same way. The equal protection claim here is evidently based on the proposition that juveniles violating these drug laws are treated differently than juveniles violating other criminal laws where the offender is permitted to fall within a special status under the Family Court Act. And the defendants generally present a chamber of horrors as to an imaginary case of an extremely youthful defendant.[3] The State counters the

---

2. The case does present a good statement of the role of the judiciary in construing statutes. See 91 A. 398–399. The statement supports the position in this opinion, *supra*.

3. Although not directly pertinent, for the record, it may be wise to review some common law concepts of criminal incapacity due to age which would govern any prosecution in this Court. State v. George, 4 Pennew. 57, 54 A. 745 (Gen.

Sess.1902). A child under seven is conclusively presumed incapable of committing any crime whatever. The presumption continues, but is no longer conclusive, between seven and fourteen. In this second period, the rebuttal evidence to the presumption must be strong and clear beyond all reasonable doubt. At fourteen, the presumption of incapacity arising from youth is entirely gone. It is interesting to note that the General Assembly recently fixed the minimum age for transfer to

equal protection argument by the mere statement without citation to the effect that, since the General Assembly was dealing with a class of crimes and all persons who violate that class of crimes, equal protection is satisfied. Compare State v. Ayers, Del.Sup., 260 A.2d 162 (1969).

The Court will assume that, in order to satisfy equal protection, the jurisdictional separation of these drug laws as to juveniles from other illegal juvenile activity must be on some reasonable basis and reasonably related to the legislative purpose and not arbitrary or capricious.

 The purpose of the statute is to control drug abuse. It is not necessary to go beyond the records of this Court to realize that drug abuse is a staggering problem from high school age, to say the least, through adulthood. In support of the statutory purpose, it is within the bounds of reason for the General Assembly: to designate a single Court to deal with a common problem which cuts across normal age distinctions; to give to that single Court not only penal powers but specific supplementary medical examination and treatment powers in drug area which would require additional budgeting; to identify publicly drug offenders; to demonstrate the seriousness of the offenses by placing jurisdiction with the criminal trial court of general jurisdiction; to educate the public as to the extent and nature of the drug problem and especially drug abuse by youth by exposing juveniles to public trial; to place jurisdiction in a statewide court with a potential flexibility in judicial case assignments. All of the above points are included in the passage of this jurisdictional change. It is at least debatable that there is a reasonable relationship between the placing of exclusive jurisdiction in the Superior Court and the control of drug

abuse. Thus, the legislative action cannot be classified as arbitrary or capricious.

The motions of the defendants Boardman and Dowling to dismiss the indictments are denied. It is so ordered.

The application of the defendant Collins for an order prohibiting prosecution in the Superior Court is denied. It is so ordered.

---

this Court for nonamenability to the Family Court processes at fourteen. 11 Del. C. § 2711; 57 Del.Laws Ch. 222. The Court does not state these common law principles to suggest they represent the height of humane thought, but for the purpose of demonstrating the context within which we are dealing.