Strafford,
No. 6271.

### STATE *v.* MICHAEL P. THURSTON

### STATE *v.* LIONEL L. POIRIER.

July 31, 1972.

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general (*Mr. Johnson* orally), for the State in each case.

*Shute, Engel & Frasier (Francis J. Frasier* orally) for defendant Michael P. Thurston.

*Alfred Catalfo, Jr.,* by brief and orally, for defendant Lionel Poirier.

LAMPRON, J. Each of these cases involves a motion to quash a complaint charging the defendant with the offense of operating a motor vehicle on a public highway so that

the lives and safety of the public were in danger in violation of RSA 262-A:61. Each defendant filed a motion to dismiss the complaint on the ground that the statute is unconstitutional. The motion in the Thurston case was denied subject to defendant's exception which was reserved and transferred by *Perkins,* J. The motion in the Poirier case was transferred without ruling by *Loughlin,* J.

The sufficiency of the complaints which detail the acts alleged to have constituted the offense is not in issue on this appeal. The only issue is the constitutionality of RSA 262-A:61 which both defendants challenge on the ground that it is vague and ambiguous in violation of the due process clause of the fourteenth amendment of the Federal Constitution.

RSA 262-A:61 reads in part as follows: "Reckless Operation. Whoever upon any way operates a vehicle recklessly, or so that the lives or safety of the public shall be endangered, or upon a bet, wager or race, or who operates a vehicle for the purpose of making a record, and thereby violates any of the provisions of this title or any special regulations made by the director, shall be fined not more than one hundred dollars, or imprisoned not more than six months, or both; and for a second offense he shall be imprisoned not less than one month nor more than one year." The remainder of the statute pertaining to reckless operation death resulting has been omitted because it is not involved. Nor are we concerned with that part of the statute pertaining to operation upon a bet, wager or race or to make a record.

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Connally* v. *General Constr. Co.,* 269 U.S. 385, 391, 70 L. Ed. 322, 328, 46 S. Ct. 126, 127 (1926); *State* v. *Parker,* 109 N.H. 491, 492, 256 A.2d 159, 160 (1969); *see Lanzetta*

v. *New Jersey,* 306 U.S. 451, 453, 83 L. Ed. 888, 890, 59 S. Ct. 618, 619 (1939); *Papachristou* v. *Jacksonville,* 405 U.S. 156, 162, 31 L. Ed. 2d 110, 92 S. Ct. 839, 843 (1972); *Rabe* v. *Washington,* 405 U.S. 313, 31 L. Ed. 2d 258, 92 S. Ct. 993 (1972).

It is no doubt desirable that penal statutes be expressed in language as specific as the subject will permit. However, it is obviously impossible to define some crimes by a detailed description of all cases that may arise. The Federal Constitution does not require the impossible of the drafters seeking to proscribe a course of conduct which cannot be defined with mathematical preciseness. *United States* v. *Petrillo,* 332 U.S. 1, 91 L. Ed. 1877, 67 S. Ct. 1538 (1947). By their very nature, statutes prohibiting reckless driving, or driving so that the lives or safety of the public shall be endangered, must speak in general terms because the conduct which constitutes the offense must be determined from all the surrounding circumstances. These statutes necessarily deal with such varying factual situations that they cannot describe each of them specifically. *State* v. *Houde,* 150 Me. 469, 114 A.2d 366 (1955); *State* v. *Joas,* 34 N.J. 179, 168 A.2d 27 (1961); 3 Wharton, Criminal Law and Procedure *ss.* 1000, 1001 (R.A. Anderson ed. 1957); *see State* v. *Davis,* 99 N.H. 88, 89, 105 A.2d 47, 48 (1954); Annot., 12 A.L.R.2d 580 (1950).

Definiteness and certainty is given to RSA 262-A:61 by the use of the terms "recklessly" and driving "so that the lives or safety of the public shall be endangered." These words and phrases of the statute have a technical or special meaning well enough known to those within its reach to give them fair notice that their contemplated conduct is forbidden by the statute. *United States* v. *Harriss,* 347 U.S. 612, 617, 98 L. Ed. 989, 996, 74 S. Ct. 808, 812 (1954); *State* v. *Scofield,* 87 R.I. 78, 82, 138 A.2d 415, 417 (1958); *State* v. *Houde,* 150 Me. 469, 470, 114 A.2d 366, 367 (1950); *Bacheller* v. *State,* 3 Md. App. 626, 240 A.2d 623 (1968); *see State* v. *Dodge,* 103 N.H. 131, 166 A.2d 467 (1960); *State* v. *Picillo,* 105 R.I. 364, 252 A.2d 191 (1969); *cf. Papachristou* v. *Jacksonville,* 405 U.S. 156, 31 L. Ed. 2d. 110, 92 S. Ct. 839 (1972). Furthermore the conduct complained of must encompass some violation of the rules of the road as detailed in RSA ch. 262-A

or of other motor vehicle laws or of special regulations made by the director of motor vehicles.

We hold that RSA 262-A:61 gives fair notice of the conduct which it proscribes and complies with the requirements of due process and is constitutional. *State* v. *Parker,* 109 N.H. 491, 492, 256 A.2d 159, 160 (1969); *Connally* v. *General Constr. Co.,* 269 U.S. 385, 70 L. Ed. 322, 46 S. Ct. 126 (1926); *cf. Rabe* v. *Washington,* 405 U.S. 313, 31 L. Ed. 2d 258, 92 S. Ct. 993 (1972). Defendant Thurston's exception is overruled and the order in both cases is,

*Remanded.*

All concurred.