Concord District Court
No. 6339

STATE OF NEW HAMPSHIRE v. LEONARD J. MERSKI

June 29, 1973

*Warren B. Rudman,* attorney general, *Robert V. Johnson II,* assistant attorney general (*Mr. Johnson* orally), for the State.

*Leonard J. Merski,* by brief and orally, pro se.

KENISON, C.J. The question to be decided in this case is the constitutionality of the statute which requires

motorcyclists to wear protective headgear. The statute enacted by Laws 1967, 443:1 reads as follows: "263:29-b Protective Headgear. No person shall operate or ride upon a motorcycle unless he wears protective headgear of a type approved by the director. Such headgear shall be equipped with either a neck or chin strap. The director is hereby authorized and empowered to adopt and amend regulations covering the types of protective headgear and the specifications therefor and to establish and maintain a list of approved headgear which meet the specifications as established hereunder." (Supp. 1972).

By criminal complaint the defendant was charged with operating a motorcycle without the protective headgear. The defendant entered a plea of not guilty but stipulated for the purposes of this case that he was operating a motorcycle without wearing protective headgear of a type approved by the director of motor vehicles. The defendant filed a motion to dismiss the complaint "on the grounds that the statute, RSA 263:29-b (Supp. 1972), upon which the complaint is founded is unconstitutional and in violation of the Ninth and Fourteenth Amendments of the Constitution of the United States, bears no relationship to the general welfare and constitutes a restriction upon liberty amounting to a denial of due process, bears no substantial relationship to public health, safety, morals or general welfare and exceeds the State's police powers and constitutes an interference with private rights." The Concord District Court (*Waters*, J.) reserved and transferred without ruling all questions of law raised by the motion to dismiss.

The Highway Safety Act of 1966 requires each State to have a highway safety program approved by the Secretary of Transportation and in accordance with the uniform standards promulgated by him. 23 U.S.C. § 402(a). The Highway Safety Program Standard No. 3, released by the Secretary of Transportation on June 26, 1967, requires each State to have a motorcycle safety program which provides that motorcycle operators and passengers shall wear an approved safety helmet or protective headgear. 23 Code of Federal Regulations Part 204 as added by 33 Federal Register 16560 (Nov. 14, 1968); 23 C.F.R. § 204.4. The New Hampshire statute

(RSA 263:29-b (Supp. 1972)) is similar to statutes in other States requiring helmets or protective headgear for motorcyclists in no less than forty-seven jurisdictions, of which forty-three jurisdictions, including this State, conform to the Uniform Vehicle Code. Only four jurisdictions do not have statutes requiring motorcyclists to wear helmets or protective headgear, Mississippi, California, Illinois and Iowa.

The overwhelming weight of authority sustains the validity of laws which mandate the use of motorcycle helmets or protective headgear. Annot., 32 A.L.R.3d 1270 (1970). No less than thirty-three jurisdictions have considered and upheld the validity of such legislation. The Michigan Court of Appeals was one of the first courts to hold such legislation unconstitutional (*American Motorcycle Ass'n v. Davids,* 11 Mich. App. 351, 158 N.W.2d 72 (1968)), but that decision has been rejected or not followed in subsequent cases. The only supreme court to declare a motorcycle helmet statute unconstitutional is *People v. Fries,* 42 Ill. 2d 446, 250 N.E.2d 149 (1969). The New Hampshire Supreme Court over the years has never subscribed to the doctrine that its law should develop according to the majority rule unless it can be said that the majority rule finds support in both logic and reasoning. As was said in *Briere v. Briere,* 107 N.H. 432, 434, 224 A.2d 588, 589-90 (1966), "We do not believe that our case should be determined by the number of authorities which support one rule or the other, any more than that a jury should resolve issues according to the number of witnesses who appear for the plaintiff or the defendant." However, in the present case we are convinced that the overwhelming weight of authority should be followed, and the power of the legislature to require the wearing of protective headgear for motorcyclists should be sustained as constitutionally permissible. *E.g., Love v. Bell,* 171 Colo. 27, 465 P.2d 118 (1970); *State v. Lee,* 51 Hawaii 516, 465 P.2d 573 (1970); *Kingery v. Chapple,* 504 P.2d 831 (Alaska 1972); *Bisenius v. Karns,* 42 Wis.2d 42, 165 N.W.2d 377, *appeal dismissed for want of a substantial federal question,* 395 U.S. 709, 23 L. Ed. 2d 655, 89 S. Ct. 2033 (1969); *State v. Fetterly,* 254 Ore. 47, 456 P.2d 996 (1969); *State v. Laitinen,* 77 Wash. 2d 130, 459 P.2d 789 (1969); *Commonwealth v. Howie,* 354 Mass. 769, 238 N.E.2d 373 (1968); *see* Note, 82 Harv. L. Rev. 469 (1968).

There is impressive statistical information which demonstrates that protective headgear for motorcyclists is necessary not only for their protection but for the benefit of the motoring public. *E.g.,* United States Department of Transportation, National Highway Safety Bureau, Staff Memorandum on the Analysis of Fatal Motorcycle Crashes in the United States, 1966-1970. We recognize that the defendant, an ardent motorcyclist, presents his challenge to the statute with conviction and sincerity and that his challenge is made on behalf of "the not-very-numerous, generally unloved motorcyclist." Nevertheless we cannot say that the statute is beyond the police power of the State or violates the plaintiff's right to equal protection and due process. This conclusion is supported by the cases previously cited as well as by *Simon v. Sargent,* 346 F. Supp. 277 (D. Mass. 1972) (three-judge court) which was affirmed in *Simon v. Sargent,* 409 U.S. 1020, 34 L. Ed. 2d 312, 93 S. Ct. 463 (1972).

The defendant's motion to dismiss should be denied and the order is

*Remanded.*

All concurred.