Claremont District Court
No. 6647

STATE OF NEW HAMPSHIRE v. MABEL G. CUTTING

March 29, 1974

*Warren B. Rudman,* attorney general, *W. Michael Dunn* and *David W. Hess,* assistant attorneys general (*Mr. Dunn* orally), for the State.

*Buckley & Zopf* (*Mr. Robert B. Buckley* orally) for the defendant.

LAMPRON, J. Complaint charging that the defendant on November 29, 1972, violated RSA 577:2 in that she did: "print certain lottery tickets to be used in a lottery or pretended lottery." Defendant moved before trial that the complaint be dismissed because the statute did not proscribe the printing of lottery tickets. The District Court (*Albert D. Leahy, Jr.,* J.) took the motion under advisement. At the trial the defendant renewed her motion to dismiss at the close of the state's evidence and did not present any testimony. The district court transferred without ruling under RSA 502-A:17-a (Supp. 1973) all questions of law arising from defendant's motions.

RSA 577:2 (repealed effective November 1, 1973 (Laws 1973, 532:26 VIII) and superseded by RSA ch. 647 (Supp. 1973)) then read in pertinent part as follows: "No person shall sell, dispose of, or offer or keep for sale, any ticket or part thereof in a lottery or pretended lottery... or shall print or publish any account thereof, or of the place or person where or by whom any such ticket... may be obtained." Violators were subject to a fine of not more than five hundred dollars or imprisonment for not more than one year, or both. RSA 577:14.

The following facts were either agreed to by the parties or found by the district court. The defendant is in the business of typing or mimeographing on order. At the request and under the direction of Michael Buendo she printed

in bulk documents entitled "Collegiate and Professional Football Forecast." Examination of one of those documents or tickets introduced as an exhibit leads this court to conclude that it qualifies as a ticket in a lottery within the provisions of RSA 577:2. Defendant had printed and sold similar tickets to Buendo for several years prior to the date of the offense charged in this case. She was paid in cash and was aware that they had been sold in the past by Buendo and others to the general public. Buendo in fact used the tickets in an illegal lottery within the meaning of the statute. The defendant did not purchase or sell these documents in transactions other than sales in bulk to him in response to his orders.

Reasonable precision in the definition of the crime proscribed is an essential requirement of a criminal statute. *State v. Albers,* 113 N.H. 132, 133, 303 A.2d 197, 199 (1973); *Zaimi v. United States,* 476 F.2d 511, 524 (D.C. Cir. 1973). The terms must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. *State v. Thurston,* 112 N.H. 288, 289, 293 A.2d 770, 771 (1972); *State v. Parker,* 109 N.H. 491, 492, 256 A.2d 159, 160 (1969). A criminal statute is not to be broadened beyond the fair import of its language and may not be held to extend to situations not covered by the words used. *State v. Williams,* 92 N.H. 377, 378, 31 A.2d 369, 370 (1943); *Zaimi v. United States supra.* The question before us is not what the legislature ought to have done when they enacted this statute but what they did as expressed in the words of the statute itself. *See Sigel v. Boston & Maine R.R.,* 107 N.H. 8, 23, 216 A.2d 794, 805 (1966).

A fair reading of RSA 577:2 shows that it prohibits a person to sell, dispose of, or offer or keep for sale a ticket in a lottery, or to print or publish an account of a lottery or of the place or person where or by whom any such ticket may be obtained. It can be argued with solid logic that an efficient means of preventing the sale of lottery tickets is to prohibit the printing of tickets used in a lottery but RSA 577:2 does not provide that no person shall print lottery tickets, which was the offense charged. However,

the specification of criminal offenses is the function of the legislature and not of the courts. *Zaimi v. United States,* 476 F.2d 511, 524 (D.C. Cir. 1973); *see Naum v. Naum,* 101 N.H. 367, 369, 143 A.2d 424, 426 (1958).

We cannot hold that the printing of tickets for a customer with the knowledge that he has sold them previously to the public, probably as part of a lottery because of their nature, without active participation by her in their sale or in other activities enumerated in the statute comes within the prohibition expressed in RSA 577:2. To do so would be to create by judicial interpretation a crime which the legislature has not proscribed. Defendant's motion to dismiss should be granted.

*Remanded.*

All concurred.