Cheshire
No. 7139

STATE OF NEW HAMPSHIRE v. JAMES E. DAY

June 30, 1975

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general *( Mr. Rath* orally), for the State.

*Bell & Kennedy* and *Joyce A. Wilder ( Ms. Wilder* orally) for the defendant.

GRIFFITH, J. Based upon an agreed statement of facts in an appeal from the Keene District Court, the defendant was found guilty in the superior court of operating a motorcycle on a public way with handlebars more than fifteen inches in height above the seat in violation of RSA 263:29-a (Supp. 1973). The Trial Court, *Johnson,* J., fined the defendant five dollars and reserved and transferred the defendant's exception.

RSA 263:9-a (Supp. 1973) reads in pertinent part as follows: "Handle Bars or Grips. No person shall operate on a public highway a motorcycle on which the handle bars or grips are more than fifteen inches higher than the seat or saddle for the operator . . . ."

The handlebars of defendant's motorcycle curve up from the steering fork and down in the direction of the seat in a reverse U-shape so that the grips are only a short distance above the seat. The officer who brought the charge against the defendant measured from the apex of the curve in the handlebars to the ground. This distance was fifty-one inches and the distance from the lowest part of the seat to the ground was twenty-six inches. The difference of twenty-five inches between the low part of the seat and the top of the handlebar is the basis of the charge of violation of RSA 263:29-a (Supp. 1973).

The State argues that the statute is violated by handlebars any part of which is more than fifteen inches above the seat. Defendant argues that these handlebars do not violate the statute since it is not claimed that the grips are more than fifteen inches above the seat. Except for making it clear that the statute is a safety measure, the legislative history is no aid in determining the intent of the statute.

The particular section involved is part of a series of provisions designed as safety regulations in the operation of motorcycles. RSA

263:29-a to -h (Supp. 1973). Adopted from the Uniform Vehicle Code § 11-1305 (Rev. 1968), the only provision that has been widely litigated is the provision relating to the wearing of protective helmets. *See State v. Merski,* 113 N.H. 323, 307 A.2d 825 (1973); Annot., 32 A.L.R.3d 1270 (1970). The provision relating to the height of handlebars has been generally adopted without the additional phrase "or grips" contained in our statute. Traffic Laws Annotated, § 11-1305 (b) (1972, Supp. 1974).

Both the State and the defendant approach the meaning of the statute from the standpoint of its safety purpose. The defendant argues that the statute is intended to prevent the operation of motorcycles with handlebars or grips too high above the seat to be held and steered with. The State argues that the purpose is to prevent handlebars which rise so high as to interfere with the vision of the operator. The purpose urged by the defendant is apparent from the language of the statute particularly with the addition of the phrase "or grips". The reason urged by the State could well be an additional safety purpose, but unless the fair import of the language prohibits handlebars any part of which is more than fifteen inches above the seat, the defendant here may not be convicted on the agreed statement of facts. "A criminal statute is not to be broadened beyond the fair import of its language and may not be held to extend to situations not covered by the words used". *State v. Cutting,* 114 N.H. 200, 202, 317 A.2d 553, 554 (1974); *State v. Albers,* 113 N.H. 132, 303 A.2d 197 (1973). We may not properly extend the prohibition of the statute to situations not explicitly included and accordingly we hold on the agreed facts defendant's handlebars are not in violation of the statute. The addition of such specification is the function of the legislature and not the courts. *Zaimi v. United States,* 476 F.2d 511, 524 (D.C. Cir. 1973).

*Defendant's exception sustained; motion to dismiss granted.*

All concurred.