Sullivan
No. 79-465

### THE STATE OF NEW HAMPSHIRE

v.

### STEPHEN FOSTER

September 26, 1980

*Gregory H. Smith,* acting attorney general, and *Michael A. Pignatelli,* attorney, by brief for the State.

*Elliott & Jasper,* of Newport, by brief for the defendant.

### MEMORANDUM OPINION

The State charged the defendant with possessing a mop handle fashioned with a metal prong at each end in violation of RSA 642:7

II, which prohibits a person in official custody from possessing anything which "may facilitate escape." At trial, the defendant moved to dismiss on the ground that the statute was unconstitutionally vague on its face and as applied to him. The motion was denied by *DiClerico*, J. The jury found the defendant guilty, and he appealed.

In *State v. Hewitt*, 116 N.H. 711, 366 A.2d 487 (1976), *aff'd sub nom Bisson v. New Hampshire*, 429 U.S. 1081 (1977), we held that this statute was not unconstitutionally vague on its face. We see no reason to disturb that holding. We also reject the defendant's claim that the statute is vague as applied to him. RSA 642:7 II provides that a person is guilty of a class B felony if "being a person in official custody, . . . he knowingly procures, makes or possesses anything which may facilitate escape."

Although it is desirable that penal statutes be expressed in language as specific as the subject will permit, some crimes do not lend themselves to detailed specificity. *State v. Thurston*, 112 N.H. 288, 290, 293 A.2d 770, 771 (1972). This is such a crime. The number and kind of things which prisoners can invent to facilitate escape are unlimited. To require that the legislature anticipate and describe each possibility would be unreasonable. There may be cases where the statute would be vague as applied, but this is not such a case. The mop handle had been fashioned into a double-ended spear or fighting stick by the addition of metal prongs at both ends. The statute would inform any reasonable person that possession of the mop handle, modified as it was, would be prohibited.

*Appeal dismissed.*