Strafford
No. 86-485

## THE STATE OF NEW HAMPSHIRE

v.

## VICTOR G. WONYETYE, JR.

June 8, 1987

*Stephen E. Merrill,* attorney general (*Robert B. Muh,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J.   The State appeals pursuant to RSA 606:10, II(c) the dismissal by the Superior Court (*Nadeau,* J.) of an indictment charging the defendant with burglary. *See* RSA 635:1, I. We reverse.

The State originally charged the defendant in separate indictments with two charges of receiving stolen property on two different dates; the property had been taken in a single burglary of a house in Dover. The defendant was acquitted on both charges after a jury trial. The State later indicted the defendant for burglary of the same residence. The defendant moved to dismiss this indictment, arguing that trying him on the burglary indictment after his acquittal on the receiving stolen property charges would be unconstitutional on double jeopardy grounds. U.S. CONST. amends. V, XIV; N.H. CONST. pt. I, art. 16. Further, he argued that RSA 635:1, IV precluded a trial on the burglary charge. The trial court ruled that because Wonyetye "could not have been charged with both theft

and burglary in one [indictment], the State is precluded from achieving identical ends in separate indictments[,]" citing *State v. Robidoux*, 125 N.H. 169, 480 A.2d 67 (1984).

The State appeals, contending that RSA 635:1, IV does not bar the burglary prosecution. The State argues in support of its position that receiving stolen property and burglary are separate offenses. In addition, it argues that RSA 635:1, IV precludes only multiple convictions and is therefore inapplicable here because the defendant was acquitted on the receiving stolen property charges.

In response, the defendant, having abandoned his double jeopardy argument, maintains that RSA 635:1, IV precludes an indictment for burglary where a defendant has been earlier prosecuted for, and acquitted of, receiving stolen property. This conclusion is reached by the following process of reasoning. RSA 637:1 provides in part that

> "[c]onduct denominated theft in this chapter constitutes a single offense embracing the separate offenses such as those heretofore known as larceny, larceny by trick, larceny by bailees, embezzlement, false pretense, extortion, blackmail, receiving stolen property."

Thus, according to the defendant, receiving stolen property is a form of theft for purposes of subsequent prosecutions. The defendant was therefore prosecuted for theft and acquitted. The subsequent burglary indictment charged him with the unlawful entry of a house with a purpose to commit theft. RSA 635:1, IV provides that "[a] person may not be convicted both for burglary and for the offense which it was his purpose to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a class A felony." Reading the statutory term "convicted" as encompassing prosecution, the defendant maintains that, having been prosecuted for receiving stolen property, he may not now be prosecuted for burglary. For the reasons below, we sustain the State's position and reverse the trial court's dismissal of the burglary indictment.

Assuming *arguendo* that receiving stolen property is a species of theft and that receiving stolen property was the offense the defendant intended to commit after the burglarious entry, the defendant's position is nevertheless sustainable only if the statute's use of the term "convicted" may properly be read to encompass prosecutions as well as convictions. We hold that the statute cannot be so read. The plain meaning of the term "convict" is "[t]o find [one] guilty of a criminal charge, either upon a criminal trial, a plea of guilty, or a plea of nolo contendere." BLACK'S LAW DICTIONARY 301 (5th ed. 1979). Conviction, therefore, includes only a finding of

guilty, whereas prosecution encompasses a proceeding that may have as its termination a finding either of guilt or of innocence. Had the legislature intended the statutory provision to include the latter, broader meaning it could have done so. On the contrary, it has not, and we will not extend the meaning of the statute's express terms beyond their fair import. *State v. Cutting*, 114 N.H. 200, 202, 317 A.2d 553, 554 (1974). Therefore, we hold that, because the prior prosecution of the defendant resulted in his acquittal, there is no statutory bar to his prosecution for burglary. The motion to dismiss the defendant's indictment for burglary should not have been granted, and we therefore reverse the allowance thereof. We express no opinion on the situation that would exist if the State had attempted to indict the defendant on both offenses at the same time. *See Robidoux*, 125 N.H. at 174, 480 A.2d at 71.

*Reversed.*

THAYER, J., did not sit; the others concurred.